Pearson, J.
 

 So much of the case as it is necessary to state, in order to present the only question made at this stage of the proceedings, is as follows :
 

 In 1849, the plaintiff contracted to sell to the defendant a tract of land, and executed a bond to make title on or before the 1st day of January, 1851. The defendant went into possession, The plaintiff had not perfected his title, and was consequently unable to make title to the defendant, on the 1st day of January, 1851 ; whereupon the defendant commenced an action at law upon the bond, and before the trial the plaintiff perfected his title, tendered a deed to the defendant and offered to pay the costs of the action at law. This was declined, and the defendant took a judgment.
 

 The bill is for a specific performance of the contract. There is an injunction, in reference to the judgment at law; upon the coming in of the answer, a motion to dissolve was disallowed, and the defendant appealed.
 

 The answer insists, that, as there was a breach of the condition of the bond, the defendant had his election: to sue at law and recover damages, or file a hill for a specific.
 
 *311
 
 performance, and that, having elected to go for damages, the plaintiff had no equity against, his judgment, it further insists, that, if the plaintiff has an equity, he should, beside the costs of the action at law, make compensation' to the defendant for
 
 his trouble and entire expenses.
 

 Specific performance is one of the most extensive and most beneficial heads of Equity jurisdiction! It is based upon a clear, simple and broad ground : that is, that in a contract of sale, compensation of damages is not an adequate remedy for a breach, and a fair and even measure, as justice requires, that the vendor should take, and that the vendee
 
 should take
 
 the thing bargained for. This principle applies with perfect mutuality, while on the one hand the vendee is not obliged to take compensation in damages, but may insist upon having the thing contracted for: so, on the other, the vendor is not obliged to make compensation in damages, but may insist upon the vendee’s taking the thing contracted for; consequently there is no foundation for the idea, that after the breach the vendee has an election to sue for damages at law or file a bill for *a specific performance, using the term “ election ” in the sense of the vendor’s being bound by it. Anciently the vendee was required to establish the contract, and a breach thereof by an action, before he was at liberty to file a bill for specific performance; by the modern authorities he can file a bill at once, and by all of the authorities the remedy in Equity is held to be mutual, so that either vendee or vendor may, insist upon a specific performance, at any time before the contract is extinguished by the payment of the damagés; for the reason that a specific performance is the most fair and even measure of justice.
 

 It is said, the plaintiff was bound to make title on the 1st day of January: that is true, but, as a general rule in Equity, time is not the essence of a contract, and is there
 
 *312
 
 fore not material, except so far as costs may be concerned; It is almost an invariable practice for Courts of Equity to allow vendors “ time” to perfect title. In the case under consideration, it is clear, that time was not of “the essence,” for the defendant is let into possession in 1849, and his possession is not interrupted. So it made no substantial difference, whether he got title in January or August. Again it is said : the plaintiff, being in default, cannot in conscience insist that the defendant shall forego his judgement at law, and on taking the land without making full compensation. That is true, and the question is, what is full compensation ? So far as we can see in the present case, it is the amount of the costs of the action at law. We can notice no costs, except such as are provided for and allowed by statute, We are not at liberty to have reference to the private contracts of the defendant. There is no error. This opinion will be certified.
 

 Per Curiam. Ordered accordingly.