RkaksoN, J.
 

 In Equity, time is not of the essence of a contract for the payment of money. Upon this principle, after the day of payment according to a condition, is passed at law, this Court gives
 
 “
 
 an equity of redemption ” and treats the property as security. The right of redemption is not affected by a failure to make payment; for the mortgagee may rest satisfied with his security as long as he chooses, and when he wants his money he may compel payment within a reasonable time, or foreclose the equity of redemption. Mere inaction by the parties will not raise a presumption of abandonment of the right of redemption under twenty years, according to the doctrine in England, or ten years, under our statute, in case of land, although the mortgagee has been in possession.
 

 IVlicre there is a contract for the sale of land, the vendee is considered, in Equity, as the owner, and the vendor retains the title as security for the purchase-money, lie may rest satisfied with this security as long as he chooses, and when he wants the money, he has the same right to compel payment by a bill for a specific performance, as the vendee has to call
 
 *86
 
 for title. The right to have a specific performance is mutual, and when the vendee is let into possession, and continues in possession, as in our case, it is taken for granted that the parties are-content to allow matters to remain in
 
 statu
 
 quo, until a movement is made by one side or the other. These principles are fully discussed in
 
 Falls
 
 v.
 
 Carpenter,
 
 1 Dev. and Rat. Eq. 237, which is decisive of-this case.
 

 McGalliard
 
 v. Aikin, 2 Ire. Eq. 186, is not in point. That case was decided upon its peculiar circumstances ; there was an unequivocal act of repudiation or abandonment on the part o.f the vendee. The contract was made in 1813 ; the vendee never took possession, and moved to the State of Alabama in 1833, without having performed a single one of the stipulations on his part. In 1538, after a lapse of twenty-five years, he assigns his interest under the contract. The Court refuse, under the special circumstances, to decree a specific performr anee at the instance of the assignee.
 

 The plaintiff is entitled to a decree for a specific performance, upon the payment of the purchase-money and interest, lie is also entitled to his costs, as the refusal of the defendant to perform his agreement, made it necessary to institute this proceeding.
 

 Dee Cukiam. Decree accordingly.