WESTERMAN ET AL. v. CHAMPION FIBER COMPANY.

(Filed 22 May, 1913.)

1. **Contracts—Cutting Timber—Breach—Counterclaim—Evidence of Damages—Increased Cost—Foreign Issues.**

Where the plaintiff and defendant had entered into a contract for the former to cut and deliver wood from a large body of the latter's timber land, at a certain price per cord, and the damages are laid for the plaintiff's profit therein which was alleged to have been prevented by the acts of the defendant, the latter contending for damages by way of counterclaim for an increased price it was forced to pay by reason of the plaintiff having abandoned its contract, testimony of defendant's witnesses as to the cost of cutting the wood from other parts of the lands and under contracts with other parties is incompetent, as it involves the capacity of these persons for management, the price paid for hands, without reference to or description of the methods pursued or conditions under which the work was done by them, or their manner of doing it.

2. **Contracts—Cutting Timber—Abandonment—Damages in Part—Instructions.**

The plaintiff and defendant contracted for the former to cut and deliver from the latter's lands timber estimated at 50,000

cords, the plaintiff to build eight or ten shacks on the land for the accommodation of the defendant's hands, which the plaintiff had to build for the prosecution of the work. There was evidence tending to show that defendant prevented the plaintiff from fulfilling his contract by having others to cut the timber on the lands in violation of the contract: *Held*, the plaintiff was entitled to recover such damages as he may have sustained in building the shacks, though this would not in itself have justified the abandonment of a contract of this magnitude, 'and a charge is held correct that if the jury should find that the defendant agreed to build the shacks for plaintiff's use, and that such agreement was a material part of the contract, which defendant violated, the defendant would be liable.

3. Appeal and Error—Trial—Presumptions of Correctness—Objections and Exceptions.

There being evidence in this case which would justify damages for an entire breach of contract by reason of defendant's act in preventing the plaintiff from fulfilling his part, the Supreme Court, on appeal, will presume that the features of the case relating to the measure of damages has been correctly tried, in the absence of error assigned therein.

APPEAL by defendant from *Lyon, J.,* at January Term, 1913, of McDOWELL.

Civil action to recover damages for alleged breach of contract.

Verdict and judgment for plaintiff, and defendant excepted and appealed.

*Johnston & McNairy and Hudgins & Watson for plaintiff.*

*Pless & Winborne, Bourne, Parker & Morrison, and T. F. Davidson for defendant.*

HOKE, J. The evidence on part of plaintiffs tended to show that, in November, 1909, they made a contract with defendant company to cut for it the cordwood on a given boundary of land in Haywood County on the waters of Shiney Creek, to begin on one side of the creek, cut the timber up and around the head of the stream and down on the other side till 50,000 cords were "cut, calculated, and paid for," etc., this being the amount estimated within the boundary, the wood to be cut and put on the edge of the branch and corded up at the price of $3 per cord, and defendant company was to construct and have

ready the shacks required for housing plaintiff's hands engaged in the work; that the shacks not having been built by defendant, plaintiffs, with their hands, were compelled to construct the same. and; shortly after commencing the work, other persons, acting under contract with the company, and by its authority, commenced cutting wood within the boundary and on the more advantageous portions of the same, and so obstructed and interfered with plaintiffs that they were compelled to desist and abandon the undertaking altogether; that they remonstrated with the managing agent of the company about this interruption, who not only declined to interfere, but sanctioned and approved the same, and endeavored to induce plaintiffs to cut elsewhere; that the wood within the boundary could have been cut and placed on the creek at an average of $2.50 per cord, and plaintiff had suffered great damage.

The evidence on the part of defendant was to the effect that the contract was not for any definite boundary, but that the plaintiff was to cut and cord the wood on the branch at or about the place stated and to be paid for same at $3 per cord as cut; that owing to the rugged nature of the land, the dense undergrowth and its character, it was worth at least $6 per cord to cut and place the wood as agreed upon, and that plaintiff had abandoned the contract without legal excuse, to defendant's great damage.

The plaintiff, as heretofore stated, having recovered judgment below, the case is before us on defendant's appeal, and it is contended that the trial court committed error in refusing to allow a witness for defendant, W. J. Mashburn, to say what it had cost him per cord to get out wood on this boundary for the two weeks after plaintiffs had abandoned their contract, and also, in a similar ruling, excluding a question addressed by defendant to another witness, J. L. Smith, as to "what it had cost him to get out cordwood in a cove in the same locality and similar to the one in which Mashburn worked."

The Court has held in several recent cases that it was proper to permit "lumbermen of experience, having personal knowledge of facts and conditions," to give their opinion on the cost of cutting and delivering timber in specified localities, a case

presented in *Younce v. Lumber Co.,* 155 N. C., 239, and evidence of this very kind was received on this trial; but the questions addressed to these witnesses do not, in our opinion, come within the principle. Involving, as they do, an inquiry into the capacity of these persons for management, the price paid for hands, etc., etc., in the way now presented and without further reference to or description of the methods pursued or the conditions under which the work was done by them and their manner of doing it, the proposed questions were properly excluded, as tending to introduce issues "foreign to the inquiry and calculated rather to distract than aid the jury in their deliberations." *Carpenter v. R. R., ante,* 277; *Chaffin v. Manufacturing Co.,* 135 N. C., 104; *Warren v. Makely,* 85 N. C., 12.

Exception was made further, that his Honor charged the jury as follows: "If you should find that the defendant agreed to build the shacks for plaintiffs to use, and that such agreement was a material part of the contract, and defendant violated such agreement to build the shacks, then the defendant would be liable, and you should answer the first issue 'Yes.' "

It is not every breach of contract that will operate as a discharge and justify an entire refusal to perform further. Speaking generally to this question, in Anson on Contracts, p. 349, the author says: "But though every breach of the contractual obligation confers a right of action upon the injured party, it is not every breach that relieves him from doing what he has undertaken to do." The contract may be broken wholly or in part, and if in part, the breach may not be sufficiently important to operate as a discharge, or, if it be so, the injured party may choose not to regard it as a breach, but may continue to carry out the contract, reserving to himself the right to bring action for such damages as he may have sustained." And, if this portion of the charge must be construed as holding that the failure to build these shacks went to the full measure of the obligation and justified an entire severance of the contract relation, it would, in our opinion, constitute reversible error. In a contract of this magnitude, a default in respect to building eight or ten ordinary shacks to house the hands engaged in

the business should not effect a complete discharge. The plaintiffs themselves did not so regard or treat it, but very properly went on and built the shacks themselves. This, however, would not prevent plaintiff from recovering damages, in this respect, as for a partial breach, and the charge is both technically correct and, on the allegations of the pleadings and the evidence, is a proper charge upon the issue. It would only amount to prejudicial error in case it should be given undue significance on the issue as to damages, but we do not think such an objection is open to defendant on the record. There were facts in evidence that would justify a recovery of the damages as for an entire breach, to wit, the interruption and prevention of plaintiffs' work by others acting under the approval and authority of the company. The entire charge of the court is not sent up, nor is there any exception made thereto on the issue as to damages, and, in the absence of error assigned or suggested, we must presume that this feature of the case has been rightly dealt with and the questions submitted under proper instructions. *Graves v. R. R.,* 136 N. C., 3.

After giving the case our full consideration, we find no reversible error, and the judgment in plaintiffs' favor is affirmed.

No error.