FILMORE BRANNON v. A. W. WOOD.

(Filed 16 December, 1953.)

1. **Contracts § 16—Where plaintiff's evidence tends to show breach by defendant of executory contract, nonsuit is improperly allowed in action to restore parties to status quo.**

> Plaintiff's allegations and evidence were to the effect that defendant agreed to sell him a used car, allowing plaintiff a certain sum for plaintiff's car given in exchange, with plaintiff to pay a stipulated amount in cash and defendant to arrange the financing of the balance of the purchase price with a stipulated company, that plaintiff delivered to defendant his own car and made the cash payment, but that the finance company refused to finance the balance unless plaintiff made an additional cash payment, which plaintiff could not do, that defendant told plaintiff that he would finance the additional cash in another manner, but that plaintiff refused to go through with such transaction, took his own car back without objection and demanded the return of his cash payment, which defendant refused to do. *Held:* The contract was executory on the part of defendant, and plaintiff is entitled to have the cause submitted to the jury on the theory that defendant had failed altogether to perform his part of the contract, entitling plaintiff to rescind and recover his cash payment.

2. **Execution § 27—**

> In an action to recover cash paid by plaintiff on the purchase price of an article upon defendant's failure to perform his executory contract to sell, plaintiff is not entitled, upon recovery, to the incarceration of defendant if execution upon the judgment is returned unsatisfied in whole or in part. G.S. 1-409 *et seq.*

APPEAL by the plaintiff from *Crisp, Special J.,* March Term 1953. GUILFORD (High Point Division). Reversed.

Civil action to recover $350.00 paid to the defendant by the plaintiff under an alleged contract for the sale and exchange of automobiles, which contract the defendant allegedly breached.

This action was instituted in the Municipal Court of the City of High Point. In that court the plaintiff was nonsuited at the close of all the evidence, and appealed *in forma pauperis* to the Superior Court. In the Superior Court the judgment of the Municipal Court was affirmed, and the plaintiff appealed to the Supreme Court *in forma pauperis.*

The plaintiff's evidence tended to show these facts. The plaintiff owned a 1941 Plymouth automobile. The defendant was a used car dealer in High Point, and owned a 1950 Oldsmobile automobile priced at $1,600.00. On 4 October 1952 the plaintiff went to defendant's place of business. The defendant offered to sell his Oldsmobile automobile to the plaintiff on these terms: The plaintiff to be allowed $345.00 for his Plymouth automobile, the plaintiff to pay the defendant $350.00 in cash, and the defendant to arrange the financing of the remainder due with the

Industrial Finance Company of High Point. The plaintiff agreed to buy, according to the terms of the offer, delivered his Plymouth automobile to the defendant, and paid him $350.00 in cash. The plaintiff and an agent of the defendant went to the office of the Industrial Finance Company which company refused to finance the remainder of the purchase price, unless the plaintiff made a further cash payment of $100.00. The plaintiff and defendant's agent returned to the defendant, and told him of the refusal of the Industrial Finance. Company. The plaintiff told the defendant he could not pay an additional $100.00 in cash, and wanted his $350.00 back. The defendant told the plaintiff that he would finance the $100.00 necessary to complete the deal. The plaintiff said he would not go through with the transaction, and wanted his money back. The defendant would not return to plaintiff the $350.00, but gave plaintiff his receipt for that amount. The defendant has never returned any of the $350.00 to the plaintiff. The plaintiff drove his Plymouth automobile away from defendant's place of business without objection on defendant's part. The plaintiff never took possession of the Oldsmobile automobile.

The plaintiff's complaint substantially alleges the facts of the plaintiff's evidence set forth above, and prays that the plaintiff recover $350.00 with interest from the defendant, including a provision in the judgment for the arrest and incarceration of the defendant in jail in the event that execution against the defendant's property shall be returned unsatisfied in whole or in part.

The defendant's evidence tends to show the following: The defendant did not agree to arrange the financing of the remainder of the purchase price with the Industrial Finance Company, but sent plaintiff and his agent to that company. When it refused to finance the remainder due unless the plaintiff made an additional cash payment of $100.00; he told plaintiff that he could arrange to finance the remainder of the purchase price due with the Piedmont Finance Company, or he would personally finance the $100.00. The plaintiff was not interested in closing the deal on that basis, and insisted on a return of his $350.00. The defendant refused to return the down payment of $350.00 because he considered that an agreement had been made. The plaintiff drove the Plymouth automobile away without his consent.

From judgment of nonsuit, plaintiff appeals, assigning error.

*No counsel for defendant, appellee.*
*Rufus K. Hayworth and E. F. Upchurch, Jr., for plaintiff, appellant.*

PARKER, J. Interpreting the evidence in the light most favorable to the plaintiff, and giving to him the benefit of every inference which the

evidence fairly supports the evidence of plaintiff tends to show these facts. According to a contract entered into by them the plaintiff delivered his Plymouth automobile to the defendant and paid him $350.00 in cash, on the purchase price of defendant's Oldsmobile automobile, and the defendant was to arrange the financing of the remainder due on the purchase price of the Oldsmobile automobile with the Industrial Finance Company of High Point. The contract was executory on the part of the defendant, who altogether failed to perform his part of the contract. The plaintiff did not take possession of the Oldsmobile automobile, but notified the defendant that he desired to rescind the contract, and get back his $350.00. The defendant refused, and still refuses, to give the money back to plaintiff.

It seems to us that the case should be submitted to the jury on the theory that if the plaintiff can show by the greater weight of the evidence that there was a contract as contended by him, that the defendant has failed altogether to perform his part of the contract, and that the plaintiff has rescinded the contract, then the plaintiff is entitled to recover back the $350.00 paid to the defendant as money had and received by the defendant to his own use, or as said in *Hutchins v. Davis,* 230 N.C. 67, p. 73, 52 S.E. 2d 210, ". . . he may resort to remedies calculated to place him in *status quo.* Thus, he can recover the purchase price, or any portion of it he may have paid . . ." 12 Am. Jur., Contracts, p. 1028; 17 C.J.S., Contracts, p. 926.

Neither the allegations of the complaint, nor the evidence offered by the plaintiff will support a judgment for the arrest and incarceration in the common jail of Guilford County of the defendant, if the plaintiff recovers and an execution upon the judgment rendered is returned unsatisfied in whole or in part. G.S. 1-409 *et seq.*

For the reasons set forth above the judgment of nonsuit is
Reversed.