CLYDE E. CHILDRESS AND WIFE, EDITH CHILDRESS v. C. W. MYERS TRADING POST, INC.

(Filed 20 November, 1957)

1. Contracts § 18—

A contract to purchase a lot upon which the vendor should erect a residence according to specifications set out in the contract must be

in writing in regard to the agreement to buy and sell realty but in regard to the specifications and the time of completion of the dwelling may be modified by parol agreement of the parties, notwithstanding provision of the contract that in order to be binding, any substantial variations of its terms should be in writing and signed by the parties.

Where plaintiffs assert the material breach by defendant of its con-

**2. Contracts § 16—**

Ordinarily time for completion of a dwelling is not a substantial or vital element of a contract for its construction, and delay in completion may ordinarily be compensated for in damages and does not warrant termination of the contract.

**3. Cancellation and Rescission of Instruments § 5—**

In order for breach of contract to justify cancellation and rescission, the breach must be so material as in effect to defeat the very terms of the contract.

**4. Contracts §§ 18, 28—**

Plaintiffs contracted to purchase a lot from defendant upon which defendant agreed to construct a dwelling according to plans and specifications, and to complete the dwelling by a certain date. Plaintiffs asserted breach of contract by defendant in failing to use the brick and mortar, color of tile, etc., as specified, and also breach by defendant in failing to complete the dwelling by the date designated. Defendant asserted that the contract in these particulars had been modified by agreement of the parties. *Held:* An instruction to the effect that the parties' right to modify the written agreement was limited to those that were not substantial, must be held for prejudicial error.

**5. Cancellation and Rescission of Instruments § 8: Contracts § 25—**

tract to construct a dwelling, including breach of workmanship in that the foundation had cracked across one entire side so that there was danger of the house collapsing, etc., defendant is entitled to have submitted to the jury an issue as to the substantiality of the breaches as ground for rescission.

**6. Cancellation and Rescission of Instruments § 11—**

If breaches of a contract are of sufficient magnitude as to justify rescission, the injured parties are entitled to be restored to the condition they occupied on the day the contract was entered into, viz. the return of consideration, or if the properties given as consideration cannot be returned, then the fair market value of such properties, including, if the jury should allow it, interest on their value ascertained from the date possession was delivered to defendant.

**7. Contracts § 29—**

Plaintiffs, in an action for breach of contract, are entitled to fair compensation in money for the loss sustained by them as the result of defaults of defendant as established by the jury.

APPEAL by defendant from *Crissman, J.,* May 20, 1957 Term of FORSYTH.

Plaintiffs and defendant, on 21 April 1956, contracted in writing for the construction by defendant of a dwelling on the lot

owned by it in Old Town, near Winston-Salem. The contract obligated defendant to convey and plaintiff to purchase the lot and the house to be erected thereon. The purchase price was fixed at $15,000, payable by allowing plaintiffs $7,500 for a house and lot then owned by them, conveyed to defendant contemporaneously with the execution of the contract and the sum of $500, likewise paid at that time. The balance of $7,000 was to be financed, payable in stipulated monthly installments and secured by a purchase money mortgage.

The contract obligated defendant to commence work "immediately and completing the same by the 21st day of August 1956 or less if practicable." The specifications written in the contract provide for "a first class turn-key job" of high quality materials following the plans and specifications of House #1 on Linda Drive, which had been constructed by defendant. It calls for "nile green tile on bathroom wall and nile green tile on bathroom floor . . . dark mingle brick with white mort*e*r, full size basement with fireplace installed overhead . . . Main part to be same size as Linda Dr. #1—40 ft. long."

Section 3 of the contract reads: "It is agreed that any substantial variation from the terms of this contract to be binding shall be in writing and signed by the Parties hereto."

On 23 November 1956 plantiffs began this action. They alleged the contract, their compliance by the payment of the $500 and conveyance of their home which defendant had subsequently sold, and a breach of the contract provisions by defendant. They ask for damages in the sum of $12,000. They do not pray for a rescission. Plaintiffs specify the particulars in which the contract was breached as follows:

1. The house was not constructed with dark mingled brick and white mortar but with ordinary textured brick and plain mortar.

2. The house was not constructed in a first-class manner for that the foundation wall had cracked its entire length. The foundation had bulged, and because of this inadequate and defective foundation, the house was apt to collapse at any time.

3. The house was not constructed in a first-class manner for that the roof was apt to collapse because the rafters used for its support were not of first-class material and because of size, inadequate.

4. The phrase of the contract reading "full size basement with fireplace installed overhead" had, by mistake of the parties, been incorrectly transcribed when the contract was reduced to writing, that the agreement was and the contract should read "full size basement with fireplace, insulated overhead"; and failure to insulate the house in accordance with the agreement.

5. It was agreed between the parties that the house was to be thirty feet wide, but as constructed it was only 28 feet, 11½ inches in width.

6. The tile in the bathroom was not nile green, as the parties had agreed upon.

7. The house was not completed by 21 August, and not until 18 October 1956 was the house ready for occupancy and the plaintiffs so advised.

Defendant, by its answer, admitted that the house was not built with dark mingled brick but with red brick and white mortar, averring "this was done at the request of the plaintiffs and the plaintiffs approved and required the use of the brick and mortar used." It was admitted that the tile in the bathroom was not nile green but averred that plaintiffs had selected a different color and defendant had used the tile and color selected and requested by plaintiffs. Defendant admitted the house was not completed and ready for occupancy until 18 October 1956, but it averred the delay was at the request of or consented to by the plaintiffs during the course of construction. Defendant denied each of the other asserted breaches of the contract. It averred complete compliance with the contract provisions as modified by the parties, its ability and willingness to convey in accordance with the contract as modified verbally. It prayed for specific performance.

From a verdict and judgment in favor of plaintiffs, defendant appealed.

*Womble, Carlyle, Sandridge & Rice for plaintiff appellees.*
*Deal, Hutchins and Minor for defendant appellant.*

RODMAN, J. Notwithstanding the reduction of the contract to writing, the parties are not in agreement as to the terms of the original contract. Was the house to be 30 feet or 28 feet wide? The writing is specific as to length but silent as to width. Was the fireplace to be *installed* over a full-size basement as the writing says, or was the fireplace to be installed in a full-sized basement and the house insulated overhead? If plaintiffs' version of the contract is correct, defendant has admittedly breached the contract. Neither of these conditions has been met.

Did the parties subsequently and by parol agree, (a) to change the color of the tile in the bathroom, (b) to change the color of the brick and mortar on the exterior, and (c) to extend time for the completion of the house? If the parties did not agree to these changes, the contract has admittedly been breached.

Did defendant fail to do the work in a first-class manner by providing defective and inadequate foundations and support for the house or roof?

If the defendant breached its contract in some but not all of these particulars, was the breach of such a character as to justify a rescission, restoring to plaintiffs their property or its value, or could plaintiffs be fairly compensated by an award of damages?

These questions arose on the pleadings and the evidence. They required answers before the rights of the parties could be determined. The court elected to submit only two issues to the jury, namely breach and damages. This restriction, it seems to us, unnecessarily complicated the problem of correctly instructing the jury.

That portion of the contract binding the parties to buy and sell had to be in writing because the statute so provides, but the portion relating to the kind of dwelling to be erected, its size, the materials to be used, and the time for completion could rest in parol, and this is true notwithstanding the provisions of Section 3 of the written contract.

"The provisions of a written contract may be modified or waived by a subsequent parol agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract are modified or waived. *Mfg. Co. v. Lefkowitz,* 204 N.C. 449, 168 S.E. 517; *Bixler v. Britton,* 192 N.C. 199, 134 S.E. 488. This principle has been sustained even where the instrument provides for any modification of the contract to be in writing. *Allen v. Bank,* 180 N.C. 608, 105 S.E. 401." *Whitehurst v. FCX Fruit and Vegetable Service,* 224 N.C. 628, 32 S.E. 2d 34.

Defendant alleged in its answer and offered evidence to support its allegation that the delay in completing the house was approved by plaintiff. Touching this question and the materiality of delay as affecting the rights of the parties, the court charged the jury: "Now, members of the jury, one of the provisions in the written contract was as to the time that the house was to be completed. The question, whether a contract must be performed at or within the exact time specified therein, is usually expressed in the inquiry as to whether the time is of the essence of the contract. Where the time is of the essence of a contract and there has been a failure of performance at or within the time promised, a breach of the contract results, which brings some of the consequences attendant upon a breach. The right to recover on a contract is conditioned upon performance within the time limit, where time is of the essence.

"Now, members of the jury, the plaintiffs say and contend that in this contract time is of the essence; that there wasn't any point in putting that in the contract if it didn't mean some-

thing, and that certainly the defendant didn't deliver in accord with those terms."

The quoted portion of the charge was made the subject of exceptions by defendant. Following these statements of the law and contentions of the plaintiffs the court charged the jury that the defendant contended that plaintiffs had waived the provision of the contract requiring delivery by 21 August. It then charged: "Now, members of the jury, the Court charges you that if you are satisfied from this evidence and by its greater weight that this contract was breached on the part of the defendant, that the defendant couldn't deliver according to the terms of the contract, then it would be your duty to answer that first issue YES. If you are not so satisfied, you would answer it No."

Dealing with defendant's assertion of verbal modifications and waiver as to manner and time of construction, the Court charged the jury: "Now, members of the jury, the Court instructs you that, although the written contract between the parties, that is, PLAINTIFFS' EXHIBIT A, is the written contract and provided that any substantial variations from the terms of the contract should be in writing, it was nevertheless permissible for the parties to the written agreement to waive that, or any other provision of the contract, and orally to agree to change the plans and specifications for the house, to be constructed by the defendant. In other words, members of the jury, if, after the written instrument was signed by the parties, *they orally agree to changes that were not substantial changes,* that that would be all right; it would be considered as a part of the contract." (Italics added.)

The quoted portion of the charge in effect told the jury only nonsubstantial changes in the contract could be made by parol and only such of these as related to plans and specifications.

Time for completion is not normally regarded as a part of the plans or specifications for the construction of a dwelling nor is time normally a substantial or vital element in a contract of purchase and sale. *Douglass v. Brooks,* 242 N.C. 178, 87 S.E. 2d 258; *Cadillac-Pontiac Co. v. Norburn,* 230 N.C. 23, 51 S.E. 2d 916; *Crawford v. Allen,* 189 N.C. 434, 127 S.E. 521; *Davis v. Martin,* 146 N.C. 281; *Scarlett v. Hunter,* 56 N.C. 84; *Bryson v. Peak,* 43 N.C. 310.

"As a general rule, time is not of the essence of a building or construction contract, in the absence of a provision in the contract making it such. Failure to complete the work within the specified time does not *ipso facto* terminate the contract, but only subjects the contractor to damages for the delay." 9 Am. Jur. 36.

If the parties verbally assented to extend the time for the completion of the building to October, the parties would be bound thereby notwithstanding Section 3 of the contract which required "substantial variations from the terms" to be in writing. It makes no difference whether the extension of time for completion be denominated a substantial or a nonsubstantial variation.

Did the parties agree to substitute another shade of green for the "nile green" called for as the color of the tile to be used in the bathroom? If so, was this a material or substantial change which could only be effected by written agreement under the rule laid down by the court in its charge?

Defendant admits that the tile used in the bathroom is not nile green. It justifies the different color by asserting that the change was made upon request of plaintiffs. If that be true, the contract has not in that respect been breached and the change was effective notwithstanding the fact that it may have been regarded by the jury as a substantial variation in the plans and specifications.

Not every breach of a contract justifies a cancellation and rescission. The breach must be so material as in effect to defeat the very terms of the contract. *Brannon v. Wood*, 239 N.C. 112, 79 S.E. 2d 256; *Jenkins v. Myers*, 209 N.C. 312, 183 S.E. 529; *Moss v. Knitting Mills*, 190 N.C. 644, 130 S.E. 635; *Westerman v. Fiber Co.*, 162 N.C. 294, 78 S.E. 221; *Highway Commission v. Rand*, 195 N.C. 799, 143 S.E. 851; *Twitty v. M'Guire*, 7 N.C. 501.

A delay of two months in completion during which time plaintiffs occupied the house they had conveyed to defendant could not, standing alone, be regarded as of sufficient magnitude to justify cancellation. Plaintiffs, if they had suffered inconvenience and expense as a result of the delay in completion, would be entitled to compensation therefor.

Where there is such a breach as permits a rescission, the parties are entitled to be placed in *status quo*, but if the breach is not so material as in effect to defeat the purpose of the contract, the injured party is compensated by damages.

The distinction is important and pointedly illustrated by many of the asserted breaches in this case.

Plaintiffs asserted that the foundation had a crack across one entire side, so weakening the foundation as to endanger the house. Such condition might well be found to render the house worthless. Defendant conceded there was a small crack which it asserts did not in any way impair the effectiveness of the foundation and which could be covered and corrected at a nominal cost. If defendant's version is in fact correct, to permit the plaintiffs to abandon the contract for such a trivial de-

fect would be unjust and unfair. On the other hand, if plaintiffs' version of the condition of the foundation is correct, it may be that no fair compensation could be awarded and that in truth and in fact the house has no substantial value and hence rescission should be permitted.

Defendant tendered an issue for the purpose of having the jury pass upon the substantiality of the asserted breaches. The court declined to submit this issue and defendant excepted. The exception is well taken.

Only when the terms of the contract as finally agreed upon have been ascertained and the breach or defaults in performance, if any, ascertained, and the nature and extent of those defaults determined can the court fix the rights and liabilities of the parties. If the defaults are of sufficient magnitude to justify cancellation, then plaintiffs are entitled to be restored to the condition they occupied on the day the contract was entered into, that is, a return of their properties. If the properties cannot be returned, then the fair market value of those properties, including, if the jury should allow it, interest on the value ascertained from the date possession was delivered to defendant. If, on the other hand, the defaults established are insufficient to justify cancellation and rescission, then plaintiffs are entitled to fair compensation measured in dollars and cents for the loss they have sustained by the defaults so fixed. *Troitino v. Goodman*, 225 N.C. 406, 35 S.E. 2d 277; *Moss v. Knitting Mills, supra; Twitty v. M'Guire, supra.*

New trial.