JAMES E. CURTIS v. WHITE CADILLAC-OLDS, INC.

(Filed 17 September, 1958.)

**1. Contracts § 21—**

Allegations and evidence to the effect that plaintiff delivered his old car to defendant dealer and received a credit memorandum to be applied on a new car to be delivered by defendant about February, that plaintiff waited until June, and upon failure of defendant to deliver the new car demanded payment of the credit memorandum, which defendant refused, tend to establish a contract, breach by failure to perform, and the right of plaintiff to rescind, entitling plaintiff to recover his consideration or its value, but no special damage, no special damage having been alleged.

**2. Trial § 22b—**

Upon motion to nonsuit, defendant's evidence at variance with or in contradiction of plaintiff's evidence will not be considered.

**3. Contracts § 26—**

Where plaintiff's allegations and evidence establish his right to rescind a contract for breach by defendant, evidence as to the value of the chose given defendant as consideration is competent, plaintiff being entitled to recover his consideration or its value.

PARKER, J., took no part in the consideration or decision of this case.

Plaintiff's appeal from *Stevens, J.,* May, 1958 Term, PASQUOTANK Superior Court.

Civil action to recover $1,416.53, "or some other large amount," the value of plaintiff's equity in a 1955 Cadillac delivered to the defendant as a down payment on a new model, of a designated body type and color combination. The defendant gave the plaintiff a credit memorandum for the above amount to be applied on the new car "to be delivered around February, 1957."

The plaintiff offered evidence tending to show he waited for the new Cadillac until June, 1957 and upon failure of the defendant to deliver it, he demanded payment of the credit memorandum. This demand the defendant refused, except at a discount of $500.00. In the meantime, the plaintiff purchased another automobile. He brought this action upon the ground the defendant had failed to perform the contract and by retaining his old car it had become unjustly enriched at his expense in the amount of the credit memorandum or some other large amount. He offered evidence of the reasonable market value of

the old car at the time it was delivered to the defendant. This the court excluded.

The defendant, by answer, admitted the contract substantially as contended by the plaintiff, but alleged the failure to carry it out was entirely the plaintiff's fault; that the credit memorandum was for an amount greatly in excess of the actual value of the old car and was intended only as a trade-in allowance on the new one; that the defendant has been, and is now, willing to allow plaintiff or his assignee the full amount of the memorandum on a new 1957, or even a new 1958 Cadillac.

At the conclusion of all the evidence the court entered judgment of compulsory nonsuit, from which the plaintiff appealed, assigning as error (1) the exclusion of evidence of the value of his car, and (2) the entry of judgment of compulsory nonsuit.

*M. B. Simpson* for plaintiff, appellant.
*LeRoy & Goodwin, W. C. Morse, Jr.,* for defendant, appellee.

HIGGINS, J. The plaintiff alleged and offered evidence tending to show (1) a contract, (2) a breach by failure to perform, (3) the right of the plaintiff to rescind. *Hutchins v. Davis,* 230 N.C. 67, 52 S.E. 2d 210. In such event the plaintiff is entitled to recover his consideration or its value. *Brannon v. Wood,* 239 N.C. 112, 79 S.E. 2d 256. Under his pleadings he can only recover the consideration paid or its value, not having alleged other damages. *Price v. Goodman,* 226 N.C. 223, 37 S.E. 2d 592.

In passing on the allegations and evidence on the question of nonsuit, we do not consider defendant's side of the case for reasons fully stated by Justice Walker in the case of *Carter v. Carter,* 182 N.C. 186, 108 S.E. 2d 765: "We may add that when the allegations in the case are threshed out it may finally appear that the plaintiff's allegations are not sustained, and that she is rightly not entitled to any return, either legal or equitable. But as there was a peremptory dismissal of the case, we are not dealing with the actual facts, but with the plaintiff's allegations in her complaint."

In this case the plaintiff's allegations state a cause of action which the evidence offered tends to support. The evidence excluded was pertinent to the inquiry. The judgment of nonsuit entered in the court below is

Reversed.

PARKER, J., took no part in the consideration or decision of this case.