F. F. GOFORTH AND WIFE, LILLIE GOFORTH v. JIM WALTER, INC.

No. 7228SC706

(Filed 12 December 1973)

1. Mortgages and Deeds of Trust §§ 35, 39— wrongful foreclosure — directed verdict proper

The trial court properly granted defendant's motion for a directed verdict with respect to plaintiffs' claim for wrongful foreclosure on a deed of trust where a stipulation entered into by the parties established that it was not the defendant which caused the deed of trust to be foreclosed and where there was no evidence to show that the deed of trust was not properly subject to foreclosure or that the power of sale contained therein was not properly invoked and fully complied with.

2. Rules of Civil Procedure § 33— unanswered interrogatories — information sought not pertinent

The trial court did not err in sustaining defendant's objections to certain of plaintiffs' interrogatories where the information requested could in no view of the pleadings have been pertinent to the litigation; furthermore, even if the court erred in sustaining defendant's objections to certain other interrogatories, plaintiffs failed to show that such error was prejudicial.

3. Contracts § 29— breach of contract — award of no more than nominal damages proper

In an action for monetary damages resulting from defendant's alleged breach of contract in failing to construct a home on plaintiffs' land in a workmanlike manner and in accordance with contract specifications, the trial court properly instructed the jury that if they found that defendant breached its contract, they might award no more than nominal damages since plaintiffs failed to present any evidence as to what it would have cost to bring the house up to contractual standards or as to the difference in value between the house as constructed and as contracted for.

4. Contracts § 26; Mortgages and Deeds of Trust § 39— breach of contract — wrongful foreclosure — evidence of fair market value of land — relevancy

Evidence with respect to the fair market value of plaintiffs' land was properly excluded in an action for breach of contract and wrongful foreclosure on a deed of trust where that evidence would have been relevant only in connection with plaintiffs' claim for wrongful foreclosure as to which defendant's motion for directed verdict was properly allowed.

5. Contracts §§ 28, 29— breach of contract — instructions on nominal damages

In an action for breach of contract where nominal damages were all that were justified by the evidence, the trial court did not err in rejecting the jury's original verdict on the damage issue of " . . . the

reasonable market value of the land as of the date of the contract" and repeating his instructions that they could return a verdict for no more than nominal damages.

APPEAL by plaintiffs from *Thornburg, Judge,* 8 May 1972 Session of Superior Court held in BUNCOMBE County.

By written contract dated 11 June 1969 defendant agreed to build a house according to certain plans and specifications upon a one-acre tract of land belonging to plaintiffs, and in return plaintiffs agreed to execute a promissory note to defendant in the amount of $13,824.00 payable in monthly installments and to secure the same by a deed of trust on the aforementioned property. Plaintiffs executed and delivered the note and deed of trust called for in the contract, and defendant, through subcontractors, caused a house to be built upon plaintiffs' land.

On 30 November 1970 plaintiffs filed complaint in this civil action alleging two claims for relief: (1) A claim for rescission of the contract or, in the alternative, for recovery of monetary damages resulting from defendant's alleged breach of the contract in failing to construct the house in a workmanlike manner and in accordance with contract specifications, and (2) a claim for monetary damages resulting from the alleged wrongful foreclosure of the deed of trust by the defendant. Defendant answered, denying it had breached the contract, and as a defense to plaintiffs' first claim alleged that it had proceeded through its subcontractors to perform its obligation under the contract, but that when the house was almost completed plaintiffs, without justification, placed "No Trespassing" signs upon the property and prevented completion of the house. As a defense to plaintiffs' second claim, defendant alleged it had assigned the note executed to it by plaintiffs to Mid-State Homes, Inc., which corporation, upon default by plaintiffs, caused the deed of trust to be foreclosed under the terms of the power of sale contained therein, and that defendant was not a party to the foreclosure proceeding and had never acquired title to the property.

Upon the trial and at the close of plaintiffs' evidence, the court allowed defendant's motion for a directed verdict dismissing the claim for wrongful foreclosure. At the close of all the evidence, plaintiffs' first claim was submitted to the jury on issues (1) as to defendant's breach of the contract and (2) as to damages. The jury answered the first issue in plaintiffs'

favor. Under instructions from the court that, if they answered the first issue for plaintiffs they could award only nominal damages, the jury answered the second issue in the amount of $9.99. From judgment in accord with the verdict, plaintiffs appealed.

*Brock & Howell by Ronald W. Howell for plaintiff appellants.*

*W. Faison Barnes and Anne King for defendant appellee.*

PARKER, Judge.

[1]   There was no error in the trial court's granting defendant's motion for a directed verdict with respect to plaintiffs' claim for wrongful foreclosure. At the commencement of the trial the parties entered into certain stipulations, including the following:

> "It is further stipulated and agreed that for valuable consideration the defendant assigned the Note executed to the defendant by Plaintiffs to Mid-State Homes, Inc. and that upon default by the plaintiffs, Mid-State Homes, Inc. caused said deed of trust to be foreclosed under the terms of the power of sale contained therein, and said property was sold by public auction under such power of sale; and the same was conveyed by trustees deed copy of which is marked Exhibit 4 and may be admitted in evidence by either party without further identification."

This stipulation established that it was not the defendant, but Mid-State Homes, Inc., which caused the deed of trust to be foreclosed. Neither the trustee in the deed of trust nor Mid-State Homes, Inc., was made a party to this action, and there was no allegation in the complaint that either had acted improperly in connection with the foreclosure. Indeed, Mid-State Homes, Inc., was not even mentioned or referred to, directly or indirectly, in the complaint. Furthermore, there was simply no evidence to show that the deed of trust was not properly subject to foreclosure or that the power of sale contained therein was not properly invoked and fully complied with. Thus, plaintiffs' evidence not only failed to show that defendant acted in any way improperly in connection with the foreclosure, but it even failed to show that anyone else had. Plaintiffs had the burden of presenting evidence to support their claim for wrong-

ful foreclosure, and in the absence of such evidence defendant's motion for a directed verdict as to that claim was properly allowed.

[2]  Prior to the trial plaintiffs served upon defendant written interrogatories under Rule 33 of the Rules of Civil Procedure in which they asked forty questions relating to various matters. The court sustained defendant's objections to certain of these, and defendant answered the remainder. On this appeal plaintiffs contend that the trial court committed error in sustaining objections to their interrogatories regarding the internal organization of the corporate defendant and regarding defendant corporation's relationship to Mid-State Homes. Inc. Certain of the interrogatories as to which defendant's objections were sustained were clearly improper in that the information requested could in no view of the pleadings have been pertinent to this litigation, and the asking of these questions indicated no more than plaintiffs' desire to embark upon a wide-ranging fishing expedition throughout defendant's corporate structure. If it be assumed *arguendo* that defendant might properly have been required to answer certain of plaintiffs' other questions as to which objections were sustained, plaintiffs have failed to show that any error prejudicial to them resulted from the trial court's action in sustaining defendant's objections to such questions. The information sought in questions relating to the identity of certain of the local agents and employees of the defendant would have been relevant, if at all, only as it related to the first issue submitted to the jury, and that issue was in any event, answered in plaintiffs' favor. While information as to defendant's relationship, if any, with Mid-State Homes, Inc., might have been relevant had plaintiffs alleged that Mid-State Homes, Inc., acted in connection with the foreclosure as defendant's agent or alter ego, no such allegation was made. Moreover, as above noted, plaintiffs failed to present evidence that defendant or Mid-State Homes, Inc., or anyone else acted improperly in connection with the foreclosure. On this record plaintiffs have simply failed to show how they were prejudiced by the court's sustaining objections to certain of their interrogatories, and their assignments of error relating thereto are overruled.

[3]  Appellants contend that the trial judge erred in instructing the jury that if they answered the first issue in plaintiffs' favor, thereby finding defendant breached its contract, they might award no more than nominal damages. Under the evi-

Goforth v. Jim Walter, Inc.

dence in this case, the instruction was proper. While evidence was presented as to the respects in which the house as constructed failed to meet the standards and specifications contracted for, there was a complete lack of any evidence either as to what it would have cost to bring the house up to contractual standards or as to the difference in value between the house as constructed and as contracted for. "When plaintiff proves breach of contract he is entitled at least to nominal damages," *Sineath v. Katzis*, 218 N.C. 740, 12 S.E. 2d 671, but "[i]n order to recover compensatory damages in a contract action, plaintiff must show that the damages were the natural and probable result of the acts complained of and must show loss with a reasonable certainty, and damages may not be based upon mere speculation or conjecture." *Pike v. Trust Co.*, 274 N.C. 1, 161 S.E. 2d 453. In the present case, the plaintiffs had the burden of presenting evidence from which the jury could determine with a reasonable certainty, and not by mere speculation or conjecture, the amount of damages which resulted from defendant's breach of contract. Absent such evidence, plaintiffs were entitled to no more than nominal damages.

[4]  Plaintiffs' contention that the trial court erred in excluding evidence as to the fair market value of their land is without merit. Such evidence would have been relevant only in connection with plaintiffs' claim for wrongful foreclosure as to which defendant's motion for directed verdict was properly allowed. *Childress v. Trading Post*, 247 N.C. 150, 100 S.E. 2d 391, cited and relied on by plaintiffs, is not here apposite. In that case there was evidence from which the jury might find that the foundation of the house which defendant in that case had built under contract with plaintiffs was so weakened by cracks as to endanger the house itself, so that the house had no substantial value; hence, rescission should be permitted. An issue was tendered for the purpose of having the jury pass upon the substantiality of the asserted breaches, but the trial court declined to submit the issue. On appeal, our Supreme Court held that *under the evidence in that case* the tendered issue should have been submitted so that the nature and extent of the defaults could be determined. The opinion of the court pointed out that *if the defaults are of sufficient magnitude to justify cancellation*, plaintiffs would be entitled to be restored to the condition they occupied on the day the contract was entered into. The opinion also pointed out, however, that "[n]ot every breach

---

Goforth v. Jim Walter, Inc.

---

of a contract justifies a cancellation and rescission. The breach must be so material as in effect to defeat the very terms of the contract." In the case now before us, there was no evidence that defendant's breaches were so material nor was any issue tendered for the purpose of having the jury pass upon the question of whether the alleged breaches by defendant were of such magnitude as to render the house without substantial value, thereby justifying a rescission of the contract. On the contrary, the record discloses that the house constructed by defendant in this case was in fact ultimately repaired and that following the foreclosure it has been occupied and used as a residence by other parties.

[5]  Finally, appellants contend that the trial judge erred in refusing to accept the jury's verdict as originally returned on the damage issue. In this connection the verdict first brought back by the jury was "Yes, the reasonable market value of the land as of the date of the contract." The trial judge correctly rejected this verdict on the second issue and repeated his instructions to the jury that they could return a verdict on the second issue for no more than nominal damages. As above noted, nominal damages were all that were justified by the evidence presented.

While unquestionably plaintiffs have suffered loss of their land by the events disclosed by the record in this case, this loss resulted not from such breaches of the contract by the defendant as the evidence disclosed, but from plaintiffs' own intransigence in insisting on their right to rescind the contract in the face of defendant's efforts to correct the defects in the house, and from plaintiffs' refusal to honor their own obligations under the deed of trust.

In the judgment appealed from we find

No error.

Judges CAMPBELL and MORRIS concur.