MR. AND MRS. DENNY JOHNSON v. SMITH, SCOTT & ASSOCIATES, INC.

No. 8526DC86

(Filed 15 October 1985)

**Vendor and Purchaser § 8— breach of contract to purchase real estate—return of earnest money—summary judgment for plaintiffs improper**

The trial court erred by granting plaintiffs' motion for summary judgment and denying defendant's motion for summary judgment in an action for the return of earnest money paid under a contract for the purchase and sale of real estate where the materials submitted by the parties showed that defendant's president called plaintiff on the morning designated as the closing date and asked if plaintiffs planned to close on that date; plaintiff told defendant that he could not close on that date because he and his wife had not sold their present house yet and that he had no intention of closing as long as his present house remained unsold; plaintiff admitted in a deposition that if the house had been ready for occupancy on the closing date and he had been tendered the deed to the property, there would have been no possibility that he and his wife could have closed on that date because they had not sold their present house and had not even applied for a loan; plaintiff further stated that his interest in the property ceased on the closing date, 30 June 1983, and that he did not respond to defendant's offer to close on 5 July 1983 because his present home remained unsold; and, although the house was not complete or ready for occupancy on 30 June 1983, it was apparently completed no later than 14 July 1983. Plaintiffs did not have grounds for rescinding the contract and recovering what they had paid under it because the delay in completion was at most two weeks, and because the contract did not expressly provide that time was of the essence nor was there anything in the contract or in the parties' actions to demonstrate their intent to make time of the essence; it was undisputed that plaintiffs suffered no damages from the delay. G.S. 1A-1, Rule 56(c).

APPEAL by defendant from *Johnston, Judge.* Judgment entered 27 November 1984 in MECKLENBURG County District Court. Heard in the Court of Appeals 29 August 1985.

Plaintiffs instituted this civil action seeking the return of $2500 paid to defendant as earnest money under a contract for the purchase and sale of real estate. By written agreement entered on or about 21 February 1983, plaintiffs agreed to purchase and defendant agreed to sell a lot and a house thereon which was then under construction for the purchase price of $146,000. The contract provided that $2500 of the purchase price was to be paid in earnest money and contained the following provision regarding the disbursement of the earnest money:

In the event . . . that any of the conditions hereto are not satisfied, or in the event of a breach of this contract by Seller, then the earnest money shall be returned to Buyer, but such return shall not affect any other remedies available to Buyer for such breach. In the event . . . Buyer breaches this contract, then the earnest money shall be forfeited.

Plaintiffs delivered the $2500 in earnest money to defendant when they signed the contract.

The contract designated 30 June 1983 as the required closing date for the transaction but provided that plaintiffs could extend the closing date beyond 30 June 1983 by paying defendant interest for the extended time period at the rate of 13½% on the total purchase price less any binder amount. Under the contract, plaintiffs were to designate the place for the closing and the manner in which the deed to the property was to be made.

In their complaint, plaintiffs alleged that defendant was not in a position to close and deliver possession of the property on 30 June 1983 as required by the contract, and that they so informed defendant by letter dated 30 June 1983, a copy of which was attached to the complaint. In the letter, plaintiffs stated that the house was not completed; therefore, defendant was unable to comply with the terms of the contract and plaintiffs were entitled to a refund of their $2500 deposit. Plaintiffs further alleged that after receiving their letter, defendant, through its president, John D. Scott, notified plaintiffs that it considered them to be in default of the contract because of their failure to notify defendant of a time and place for the closing and transfer of title and their failure to exercise their extension options in accordance with the contract.

Defendant filed an answer and counterclaim in which it denied that it was unable to deliver possession on 30 June 1983 and alleged that the house was substantially complete on that date, that plaintiffs were estopped from recovery, and that plaintiffs were in breach of the contract in several respects. Specifically, defendant alleged that plaintiffs were in breach of the contract because they (1) failed to designate the place of the closing or the manner in which the deed was to be made out as required by the contract, (2) advised defendant on 30 June 1983 that they had no intention of closing as long as their present home remained un-

sold and that they did not wish to extend the closing date, and (3) failed to respond to an offer made by defendant on 1 July 1983 to close on 5 July 1983 when the house was completed. Defendant asserted as its counterclaim that it was entitled to retain the $2500 earnest money as liquidated damages because of plaintiffs' breach of the contract.

Both parties moved for summary judgment and submitted documents in support thereof. By order entered 27 November 1984, the trial court denied defendant's motion and granted summary judgment in favor of plaintiffs. Defendant appealed.

*Jones, Hewson & Woolard, by R. G. Spratt, III, H. C. Hewson, and Hunter M. Jones, for plaintiffs.*

*Berry, Hogewood, Edwards & Freeman, P.A., by Dean Gibson, for defendant.*

WELLS, Judge.

Defendant contends the trial court erred in denying its motion for summary judgment and in granting summary judgment for plaintiffs. N.C. Gen. Stat. § 1A-1, Rule 56(c) of the Rules of Civil Procedure permits the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

The materials submitted by the parties for the court's consideration in ruling on the motions for summary judgment show the following: On the morning of 30 June 1983, defendant's president, John D. Scott, called plaintiff Denny D. Johnson and asked him if he planned to close on that date. Johnson told Scott that he could not close on that date because he and his wife had not sold their present home yet and that he had no intention of closing as long as his present home remained unsold. In a deposition taken prior to the hearing on the motions, Johnson admitted that if the house had been ready for occupancy on 30 June 1983 and he had been tendered the deed to the property, there would have been no possibility that he and his wife could have closed on that date because they had not sold their present home and had not even applied for a loan which they had to obtain in order to purchase

the property. He further stated that his interest in the property ceased on 30 June 1983 and that he did not respond to defendant's offer to close on 5 July 1983 because his present home remained unsold. The exchange of letters between the parties in which each declared the other to be in default of the contract occurred after the conversation between Johnson and Scott on the morning of 30 June 1983.

The forecast of the evidence presented by the parties further shows that although the house in question was not complete nor ready for occupancy on 30 June 1983, it was apparently completed no later than 14 July 1983 on which date a certificate of compliance from the county director of building standards and code enforcement was issued for the property; and that plaintiffs were not damaged by the delay in completion.

Although plaintiffs argue otherwise in their brief, what they have attempted is to rescind the contract. A rescission or cancellation of a contract is an abrogation or undoing of the contract from its beginning and necessarily involves the refusal of a party to be further bound by it. *See Black's Law Dictionary* 1174 (5th ed. 1979); *Brannock v. Fletcher*, 271 N.C. 65, 155 S.E. 2d 532 (1967). Rescission does not merely terminate the contract so as to release the parties from further obligations to each other; rather, it abrogates the contract from its beginning and restores the parties to the position they would have been in had the contract not been made. *Id.* The Supreme Court has indicated that upon the breach of a contract for the purchase and sale of real estate by the seller, the buyer has the following remedies available to him, among others: (1) the buyer may sue at law for damages for the breach; (2) he may sue in equity and seek specific performance; or (3) he may abandon and thereby rescind the contract and recover what he has paid. *Id.* Plaintiffs apparently considered defendant to be in breach of the contract because of its alleged inability to close and deliver possession of the property on 30 June 1983 as required by the contract and elected as their remedy for the breach to rescind the contract and recover what they had paid.

As enunciated by our Supreme Court in *Childress v. Trading Post*, 247 N.C. 150, 100 S.E. 2d 391 (1957), however: "Not every breach of a contract justifies a cancellation and rescission. The breach must be so material as in effect to defeat the very terms

of the contract." In *Childress*, the Supreme Court concluded that a delay of two months in completion of a dwelling did not justify cancellation and rescission of the contract for the purchase and sale of the real estate where time was not of the essence. The Court further stated:

> As a general rule, time is not of the essence of a building or construction contract, in the absence of a provision in the contract making it such. Failure to complete the work within the specified time does not *ipso facto* terminate the contract, but only subjects the contractor to damages for the delay.

*Id. See also Douglass v. Brooks*, 242 N.C. 178, 87 S.E. 2d 258 (1955) (in the absence of special circumstances, time is not of the essence of a contract for the purchase and sale of real estate).

We find *Childress* controlling in the present case. The contract here does not expressly provide that time is of the essence, nor do we find anything in the contract or in the parties' actions which demonstrate their intent to make time of the essence. Since time was not of the essence and the delay in completion was at most two weeks, plaintiffs did not have grounds for rescinding the contract and recovering what they had paid under it. *See Childress, supra.* Plaintiffs were entitled to recover for any damages resulting from the delay, *id.*; however, it is undisputed that plaintiffs suffered no such damages.

Moreover, the forecast of the evidence clearly shows that plaintiffs were in breach of the contract as alleged by defendant, and that they forfeited their earnest money as a result. We reject plaintiffs' argument that the provision in the contract regarding the forfeiture of the earnest money amounts to an illegal penalty. It has long been the rule in this State that where a buyer refuses or becomes unable to comply with his contract to purchase, he is not entitled to recover the amount thus far paid by him pursuant to the contract. *See Scott v. Foppe*, 247 N.C. 67, 100 S.E. 2d 238 (1957); *Walker v. Weaver*, 23 N.C. App. 654, 209 S.E. 2d 537 (1974). Furthermore, the forfeiture provision is in the nature of a provision for liquidated damages. *See* 77 Am. Jur. 2d, Vendor and Purchaser, § 500, p. 626. No evidence has been forecast which indicates that the amount forfeited pursuant to the provision is unjust, oppressive, or disproportionate to the damages that would result, or did in fact result, from the breach of the contract;

therefore, the provision should be upheld. *See Cooperative Assn. v. Jones*, 185 N.C. 265, 117 S.E. 174 (1923).

We conclude that the forecast of the evidence shows that there is no genuine issue as to any material fact herein and that defendant is entitled as a matter of law to retain the $2500 earnest money. Accordingly, we hold that the trial court erred in granting summary judgment for plaintiffs and in denying defendant's motion for summary judgment. We therefore reverse the judgment entered and remand this cause to the trial court for the entry of summary judgment in favor of defendant.

Reversed and remanded.

Judges WHICHARD and PHILLIPS concur.