S. D. DUNAVANT et al. v. CALDWELL & NORTHERN RAILROAD COMPANY.

(Decided April 19, 1898.)

*Action on Contract and to Enforce Lien—Contractor's Bond—Forfeit—Railroads—Mechanic's Lien—Corporation Mortgage—Judgment for Work Done—Priority—Findings of Referee—Review of Findings of Fact.*

1. A bond given by a contractor for the faithful performance of work is a penalty and not liquidated damages, and in case of a default thereon the obligee can only recover by action or counterclaim the actual damages caused by such default.

2. Where a contractor stipulates to pay a forfeit of $50 per day for each day the completion of the work is delayed, and delay is caused by the conduct of the employer, the latter cannot recover the forfeit.

3. Under Section 1781 of *The Code* a contractor for the construction of a railroad is entitled to a mechanic's lien against a railroad company for work on such construction and for laying cross-ties and rails thereon.

4. Under Section 1789 of *The Code* a contractor or sub-contractor, who does work on or furnishes material for the construction of a railroad, is entitled to file a lien on the property of the company within one year from the time of doing such work or furnishing such material, and, when filed, the lien has precedence over a mortgage registered after the work has been commenced.

5. A judgment against a corporation for work and labor done or materials furnished may be enforced against the property of the company in preference to a prior mortgage although no lien was filed.

6. The findings of facts by a referee are conclusive on appeal unless there is no evidence to support them and unless that ground is assigned in the exception.

7. Where the trial judge makes no specific finding of fact he will be deemed to have adopted the referee's findings.

CIVIL ACTION to recover a balance due to the plaintiffs from the defendant railroad corporation and to enforce a contractor's lien, pending in CATAWBA Superior Court and tried before Greene, J., by consent, at Chambers, on the 2nd of January, 1898, on exceptions to the report of Mr. W. D. Turner, to whom the action had been referred. The facts can be gathered from the opinion. His Honor sustained the report in full and overruled all of defendant's exceptions thereto, and rendered judgment for $2,736.18, from which defendant appealed.

*Mr. S. J. Ervin* for plaintiffs.
*Mr. Edmund Jones* for defendant (appellant).

CLARK, J.: As to the first and third grounds of counterclaim, the court properly held that the $5,000 bond for the faithful performance of the work was a penalty and not liquidated damages, and that the defendant was entitled only to the actual amount of damages which was found by the referee. As to the forfeit of $50 per day, stipulated for each day of delay to finish the work beyond the time specified in the contract, it is sufficient to say that the referee has found that such delay was caused by the conduct of the defendant, and of course it cannot recover therefor. As to the fourth ground of counterclaim, the referee finds that there was no default in that regard by the plaintiff.

The exception that the lien cannot be filed on the property of a railroad company under *The Code*, Sec. 1781, was properly overruled. The section provides that "any kind of property, real or personal, not herein (before) enumerated shall be subject to a lien for the

payment of all debts contracted for work done on the same, or material furnished." This is broad enough to confer upon the contractor the right to file a lien against the railroad company for the construction of the road-bed and for laying cross-ties and rails thereon. As most commonly such corporations start business decorated with a mortgage, it would be difficult to procure contractors and laborers if they were not entitled to contractor's lien (*Code*, Sec. 1781) and sub-contractor's lien (*Code*, Sec. 1801) in preference to mortgages registered after the work was commenced. *Burr* v. *Maultsby*, 99 N. C., 263 ; *Lumber Co.* v. *Hotel Co.*, 109 N. C., 658 ; *Clark* v. *Edwards*, 119 N. C., 115. Judgments for labor performed and material furnished any corporation can be enforced against its property, though no lien is filed, in preference to prior mortgages. *Code*, Sec. 1255 ; *Coal Co.* v. *Electric Co.*, 118 N. C., 232.

The other exceptions were all based upon exceptions to the Judge's overruling exceptions to the findings of fact by the referee, and cannot be considered except where there is no evidence to sustain the findings, and unless the ground is assigned in the exception. *Cotton Mills* v. *Cotton Mills*, 115 N. C., 475 ; *Collins* v. *Young*, 118 N. C., 265. Where the Judge makes no specific findings of fact, he is taken to have adopted the findings of the referee. *McEwen* v. *Loucheim*, 115 N. C., 348 ; *Battle* v. *Mayo*, 102 N. C., 413.

The report of the referee is drawn with care and ability, and was properly sustained by the court below in every particular.

No error.