ALLEN BROTHERS v. RALEIGH SAVINGS BANK AND TRUST COMPANY, Executor of B. GRIMES COWPER, Deceased, et al.

(Filed 24 December, 1920.)

1. **Waiver — Contracts — Writing — Expenditures for Improvements on Lands—Principal and Agent—Division of Profits.**

   Under a contract for the sale of lands for a present consideration paid by the sellers to the owner, with provision for an expenditure of a certain sum for improvement, to be increased on mutual agreement between the parties, in writing, the question of the waiver of the writer is one of personal privilege to be exercised by the owner, and to be shown as a matter of fact by the evidence, that he intended to relinquish this right by words or by acts calculated to induce the seller to believe that the owner had abandoned his right to require a written agreement as to such increased expenditure.

2. **Same—Parol Agreements—Acts and Conduct—Consideration.**

   A contract for the sale of land, after expressing a present consideration to be paid the owner, provided for an expenditure of $20,000 for improvements before a distribution of profits between the owner and his selling agents, and such further sum for development of the lands if agreed upon in writing. A parol agreement was made as to a further and much larger expenditure for such improvements, to the total amount of $204,000, with the knowledge and acquiescence of the owner: *Held,* a waiver by the owner of the requirement of a writing for the further expenditure, which must be paid before the distribution of the contemplated profits, allowing the owner to retain as a priority the sum of money paid him as the consideration for making the original contract of sale.

3. **Same—Executors and Administrators—Personal Representatives.**

   The waiver by the owner of lands, requiring a consent in writing, for improvements on the land by his selling agents, beyond a certain sum specified in the contract, is binding upon his executor, or personal representatives, after his death.

CIVIL ACTION, instituted in the superior Court of WAKE by Allen Brothers, a copartnership, composed of Daniel Allen, Frank Allen, and

W. G. Allen v. The Raleigh Savings Banks & Trust Company, executor
of the estate of B. G. Cowper, and Mary Grimes Cowper and Bryan
Grimes Cowper, it being agreed by all parties that matters of law and
fact might be determined by the court, the matters at issue were heard
by *Kerr, J.,* at chambers at Warrenton, North Carolina, on 14 November,
1920, and upon motion of the counsel for the plaintiffs, judgment herein
filed, was signed by the court.　From the action of the court in signing
the judgment tendered by the plaintiffs the defendants appealed.

The following is the judgment rendered:

This cause, coming on to be heard, and being heard by *Honorable John
H. Kerr, Judge,* holding the courts of the Seventh Judicial District,
there being present Bryan Grimes Cowper and John H. Boushall, trust
officer of The Raleigh Savings Bank & Trust Company, one of the de-
fendants herein, representing the defendants to this action, and Albert
L. Cox, counsel for the plaintiff, and Daniel Allen, of Allen Brothers,
the plaintiff herein; and it appearing to the court and being found as a
fact by the court that all parties to this action consent to all matters of
law and fact being determined by the court, the parties hereto waived
trial by jury, it is by the court found as a fact that B. G. Cowper and
Allen Brothers had consented and agreed together to change and amend
sections 4, 8, 14, and 19 of the contract entered into on 12 August, 1919,
by and between B. G. Cowper and Allen Brothers, so as to eliminate from
said contract any limit upon the funds to be expended in the develop-
ment of the lands described in said contract, and that in lieu of the said
limit of $20,000 prescribed in the said sections above recited, that such
improvements should be made and such moneys expended in the develop-
ment of said property as might be found necessary by the parties to said
contract.　And it is further found by the court as a fact that said sec-
tions 4, 8, 14, and 19 were eliminated by the said B. G. Cowper and
Allen Brothers, in so far as they limited the expenditures of moneys for
the development of the said land, and that by and with the consent of
B. G. Cowper, $204,000 has been expended in improving and developing
the lands of B. G. Cowper, described in said contract, and that said
moneys were so expended under an agreement between the said B. G.
Cowper and the said Allen Brothers, that the expenditures so made
should be a charge against the property, and should be paid before any
distribution of profits was to be had, as contemplated in accord with the
terms of the contract. .

The court finds further that B. G. Cowper is dead, and that under
the terms of his will the said Raleigh Savings Bank & Trust Company
has qualified and is acting as his executor, and is empowered to carry out

39—180

the provisions of said contract, above referred to, and that Mary Grimes Cowper and Bryan Grimes Cowper, its co-defendants, are the only heirs-at-law and devisees under the will of the said B. G. Cowper, deceased.

It is therefore ordered, adjudged, and decreed that the contract originally made between the plaintiff and B. G. Cowper be reformed, so as to eliminate therefrom the limitation of $20,000 on the costs of developments and improvements as shown in paragraphs Nos. 4, 8, 14, and 19 of said contract, and to permit settlement on the basis of the expenditures actually made and to be made in the development of the said lands referred to.                               (Signed)    JOHN H. KERR,
Judge Holding Court Seventh Judicial District.

*A. L. Cox for plaintiffs.*
*John H. Boushall for defendants.*

BROWN, J.    It appears from the findings of fact that on 12 August, 1919, B. G. Cowper and the plaintiffs, Allen Brothers, entered into a contract with reference to the development of property belonging to the said Cowper, known as Fairview Farm, a copy of which contract will appear as an exhibit attached to the complaint in this action.

In this contract it was provided that the limit of expenditures for the development of the property should be $20,000, unless a larger expenditure was approved in writing by both parties.   During the lifetime of the said B. G. Cowper and subsequent to the execution of the contract, much more than $20,000 was spent in the development of the said property, this being done with the knowledge and consent of the said B. G. Cowper, as was found as a fact by the court below.   The requirement that consent to the increase of the expenditures should be put in writing was not complied with, prior to the death of the said Cowper.

It was found as a fact by the court below that the increased expenditures were consented to by B. G. Cowper, and it was directed that the contract be reformed to such an extent as to permit the consideration of the actual cost of expenditure for the improvements in the division of the proceeds of the sale of the property mentioned in the contract.

The written contract referred to contains the following clause: "That should owner, (Cowper) and seller, (Allen) decide that it would be advisable to make additional expenditures in the development of said property in excess of the $20,000 hereinbefore provided for, such additional development may be made upon mutual consent in writing and the additional cost of said development shall be taken care of in the same manner as is hereinbefore provided for discharging said $20,000."

The only point presented by this appeal is as to whether there could be and was a waiver by the testator B. Grimes Cowper of the stipulation

in the contract that consent to the increased expenditures for developing the property should be in writing.

We have no hesitation in holding that the stipulation could be waived and the judge of the Superior Court has found as a fact that the testator personally knew of and consented to the increased expenditures as being necessary for the proper development of the property. In law such conduct constituted a waiver and the testator would be estopped from afterwards objecting to the increased expenditures. The law would not allow him to perpetrate a fraud, and doubtless he would not have desired to do so.

To constitute a waiver it must appear that there was an intention to relinquish the right or there must be words or acts calculated to induce the plaintiffs to believe that the testator had abandoned his right to require a written agreement as to such expenditures.

Waiver is usually a matter of personal privilege and must be made by the person whose rights are affected. Waiver is a matter of fact to be shown by the evidence, 40 Cyc. 267; *Parsons v. Lane,* 97 Minn. 98.

The usual manner of waiving a right is by conduct or acts which indicate an intention to relinquish the right. The binding effect of a waiver is founded upon the doctrine of estoppel.

The court finds as a fact that "Sections 4, 8, 14, and 19 of the contract were eliminated by said B. G. Cowper and Allen Brothers, in so far as they limited the expenditures of moneys for the development of the said land, and that by and with the consent of B. G. Cowper $204,000 has been expended in improving and developing the lands of B. G. Cowper, described in said contract, and that said moneys were so expended under an agreement between the said B. G. Cowper and the said Allen Brothers, that the expenditures so made should be a charge against the property and should be paid before any distribution of profits was to be had." This, of course, means that the $1,000 purchase price has priority.

No one will be permitted to take advantage of his own wrong. The testator consented to these greatly increased expenditures and the land received the benefit of them. His acts are binding on the executor and devisees and they must abide by them.

The judgment of the Superior Court is
Affirmed.