MILES F. BIXLER COMPANY v. MRS. E. C. BRITTON.

(Filed 29 September, 1926.)

**1. Contracts—Cancellation—Evidence—Principal and Agent—Letters.**

Where a contract for the sale of merchandise is in writing and provides that no agreement of the agent will be binding upon the vendor when not therein stated, and the purchaser has signed and accepted the contract, evidence that the vendor had since agreed to the rescission or amendment of the contract is not sufficient when it consists of a letter purporting upon its face to have been written by the general manager of the seller to its sales agent to that effect, when the authority of the general manager to make this agreement is not otherwise shown.

**2. Same—Declarations.**

A letter purporting upon its face to have been written by the general manager of a vendor corporation to its sales agent, canceling an order which the latter has taken from a purchaser, is alone but a declaration of the agency of the general manager after the contract had been consummated, and is incompetent in the purchaser's behalf to show that the contract had been canceled, on the vendor's action against the purchaser upon the contract.

**3. Contracts—Cancellation.**

A written contract may be abandoned or relinquished: (1) by agreement between the parties; (2) by conduct clearly indicating such purpose; (3) by the substitution of a new contract inconsistent therewith.

**4. Evidence—Depositions.**

Where the depositions used upon the trial of an action appears to have been duly taken in accordance with law, it will not be held defective as to certain parts written by another in the presence of the commissioner, duly certified by him, signed by the witnesses, and having in all respects been duly taken.

CIVIL ACTION, tried before *Cranmer, J.,* at April Term, 1926, of HERT-FORD.

*Lloyd J. Lawrence for plaintiff.*
*Bridger & Eley for defendant.*

BROGDEN, J. On 12 June, 1922, the defendant signed a written contract for certain jewelry named in the contract. This contract was accepted by the plaintiff on 19 June, 1922. Among other provisions appearing in said written contract was the following: "Salesman has no authority to change or add to these terms except in writing on this original order, which is subject to our acceptance. Not subject to countermand. Delivery to carrier is delivery to purchaser; purchaser to pay the charges. Jewelry shipped by express, show case by freight." The defendant admitted the execution of the contract, but contended that the contract had been canceled by the plaintiff. A. Oettinger, who made the contract with the defendant and took the order, was agent for the plaintiff.

The facts in regard to the cancellation of the contract are as follows: On 13 July, 1922, the defendant wrote a letter to Oettinger about the matter. This letter does not appear in the record, but on 15 July, 1922, Oettinger wrote the defendant as follows: "Dear Madam: Your favor of the 13th inst. at hand and noted, and by this mail I am requesting the Miles F. Bixler Company, Cleveland, Ohio, to cancel order, in accordance with your wishes. Regretting your decision not to handle the line.

Very truly yours, A. Oettinger."

On 15 July, 1922, A. Oettinger wrote a letter to the plaintiff in which letter, among other things, occurs the following: "Under date of 13th inst. Mrs. E. C. Britton requests me to cancel the order placed with me for jewelry, and says she has special reasons for making this request, and would write to you direct, but is not able to locate your address. I am sending her your address by this mail, and it may be she will write you direct regarding the matter. Regret this decision on her part, but will only learn her reason on my next visit. Kindly cancel order, as she requests."

Thereafter, on 19 July, 1922, the plaintiff wrote the following letter to the agent, Oettinger: "Dear Mr. Oettinger: Your letter of the 15th received with advice that you are returning samples. Upon their checking out in accordance with terms of agreement, we will promptly cancel and return bond to you," etc. "We note what you say in regard to Mrs. E. C. Britton. We have not heard from her as yet, but when we do we will follow your suggestion." There was reference in the letter to other matters which are not pertinent to this appeal.

The plaintiff objected to the introduction of these letters between the defendant and the agent, and the plaintiff and the agent. The objection was sustained, and the defendant excepted.

The defendant asserts that the letter of 19 July from the plaintiff to the agent, Oettinger, in which the plaintiff states, "We note what you say

in regard to Mrs. E. C. Britton. We have not heard from her as yet, but when we do, will follow your suggestion," amounts to a cancellation of the contract.

A written contract may be abandoned or relinquished: (1) by agreement between the parties; (2) by conduct clearly indicating such purpose; (3) by the substitution of a new contract inconsistent with the existing contract. *Redding v. Vogt,* 140 N. C., 562; *Lipschutz v. Weatherly,* 140 N. C., 365; *Public Utilities Co. v. Bessemer City,* 173 N. C., 482; *Faust v. Rohr,* 167 N. C., 360.

The defendant testified: "I have never had any written statement from the company that it would release me from the contract." Therefore, the only proof of a cancellation or rescission of the contract was contained in the letter from the agent Oettinger to the plaintiff, and the reply thereto by the plaintiff under date of 19 July. All of these letters were incompetent. The said letter of 19 July from plaintiff to Oettinger purported to be signed by A. F. Gibson, vice-president and manager of the plaintiff company. There is no evidence as to the authority of said Gibson to write the letter, particularly after the contract for the merchandise had been accepted by the plaintiff on 19 June, 1922. It was therefore the declaration of an agent for the plaintiff to another agent who was not a party to the suit, and after the contract had been closed. Such declarations of agents are incompetent and inadmissible. *Smith v. R. R.,* 68 N. C., 108; *Rumbough v. Improvement Co.,* 112 N. C., 751; *Egerton v. R. R.,* 115 N. C., 646; *Williams v. Tel. Co.,* 116 N. C., 558; *Summerow v. Baruch,* 128 N. C., 202; *Sternberg v. Crohon,* 172 N. C., 731; *R. R. v. Smitherman,* 178 N. C., 595.

The principle of law enunciated in all of these decisions on this particular point is expressed thus in *Williams v. Telegraph Co., supra:* "The fact that Coghill was general manager of the defendant makes no difference. He was still but an employee of the defendant, and not the defendant; and any statement of his that was not a part of the *res gestæ* was but hearsay and incompetent."

There were exceptions taken to a deposition offered by the plaintiff because the answers of the witnesses were not actually written down by the commissioner before whom the deposition was taken. The record shows that the testimony of the witnesses was reduced to writing by a disinterested person, read over by the witnesses, and sworn to and subscribed by them in the presence of the commissioner taking the deposition. This was a sufficient compliance with the law in the absence of any evidence tending to show any irregularities or misconduct in the taking of the deposition. Indeed, the deposition having been taken apparently on the day, at the place, and by the person named in the notice,

the presumption in the absence of notice to the contrary, is that all things were done correctly. *Younce v. Lumber Co.,* 155 N. C., 240.

There were also exceptions to the competency of certain evidence in the deposition, but these exceptions are without merit for the reason that the controlling question of law involved in this appeal was whether or not the letters referred to constituted a rescission or abandonment of the contract sued on. In addition, C. S., 1819, requires that objection to incompetency of testimony and motion to reject the evidence must be made in writing before the trial, unless, of course, the parties shall consent to a waiver of this provision. *Steel Co. v. Ford,* 173 N. C., 195; *Morgan v. Fraternal Association,* 170 N. C., 81.

Upon a careful examination of the entire record we are of the opinion that the case has been correctly tried.

No error.