FISHEL AND TAYLOR, ARCHITECTS v. GRIFTON UNITED METHODIST CHURCH, AN UNINCORPORATED RELIGIOUS ASSOCIATION

No. 7038SC394

(Filed 5 August 1970)

1. **Rules of Civil Procedure § 12— judgment on the pleadings**

Judgment may not be entered on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition.

2. **Rules of Civil Procedure § 12— judgment on the pleadings — consideration of pleadings**

Judgments on the pleadings are not favored and a motion for judgment on the pleadings admits for the purpose of the motion the allegations of the adverse party and requires that such allegations be liberally construed.

Fishel and Taylor v. Church

3. **Architects; Contracts § 18— written contract — subsequent parol agreement — issue for jury**

 In this action to recover for architectural services rendered, defendant's pleadings raised a legitimate issue of fact as to whether, subsequent to the execution of the written contract sued on, the parties entered a parol agreement that defendant would not abandon the building project as the written contract gave it a right to do upon assurance by plaintiff architects that the total cost of the project would not exceed a specified amount, and the trial court erred in rendering judgment on the pleadings in favor of plaintiffs.

APPEAL by defendant from *Parker, J.*, 2 March 1970 Civil Session, PITT Superior Court.

This is an action by plaintiffs to recover for architectural services rendered. In their complaint they allege, in material part, the following: In January 1969 plaintiffs and defendant entered into a written contract, a copy being attached to and made a part of the complaint, whereby plaintiffs agreed to render certain professional services pertaining to a new sanctuary proposed to be constructed by defendant, and defendant agreed to pay specified compensation for said services. After conferences with defendant's officials, plaintiffs prepared certain plans and specifications which were approved by said officials. The plans were submitted to numerous contractors for bids and the lowest bona fide bid received was for $288,700. Plaintiffs are entitled to compensation based in part on the low bid received and after allowing all credits are entitled to recover $8,588.48 plus interest from defendant.

Defendant filed answer and counterclaim in which it admitted the execution of the written contract but alleged that the contract was subject to certain representations made by plaintiffs as to maximum cost of the project; that the lowest bid received greatly exceeded the cost represented by plaintiffs causing defendant to abandon the project; and that not only are plaintiffs not entitled to recover from defendant but defendant is entitled to recover $4,152.00 from plaintiffs on its counterclaim. Plaintiffs filed a reply generally denying the additional allegations of the answer and counterclaim.

When the case came on for trial, plaintiffs moved for judgment on the pleadings. Following a hearing, the trial court allowed the motion and from judgment predicated thereon defendant appealed.

*R. Mayne Albright for plaintiff appellees.*

*White, Hooten & White and Wallace, Langley & Barwick for defendant appellant.*

BRITT, J.

The sole question for our determination is: Did the trial court err in granting judgment for plaintiffs on the pleadings? We hold that it did.

[1]    In *Jones v. Warren*, 274 N.C. 166, 161 S.E. 2d 467 (1968), it is said: "* * * The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition. [Citations]"

[2]    Judgments on the pleadings are not favored and a motion for judgment on the pleadings admits for the purpose of the motion the allegations of the adverse party and requires that such allegations be liberally construed. *Tilley v. Tilley*, 268 N.C. 630, 151 S.E. 2d 592 (1966).

[3]    We think at least one issue arises on the pleadings. Article 6.4 of the contract provides as follows:

"If the Project is suspended for more than three months or abandoned in whole or in part, the Architect shall be paid his compensation for services performed prior to receipt of written notice from the Owner of such suspension or abandonment, together with Reimbursable Expenses then due and all terminal expenses resulting from such suspension or abandonment."

In its further answer and counterclaim, defendant alleges that prior to the execution of the contract, defendant advised plaintiffs that the most it could afford for the total project was $175,000; that plaintiffs assured defendant they could develop the plans and specifications so that the total cost of the project would not exceed said amount; that after the contract was executed and plaintiffs had made further studies and calculations, they advised defendant that the project could not be completed for $175,000 but could be completed for $200,000; that relying on said assurance defendant advised plaintiffs to proceed to prepare the plans and specifications; that after the plans and specifications were completed they were submitted to contractors for bids and the lowest bid received, plus architectural fees and certain furnishings, amounted to $325,000.

Fishel and Taylor v. Church

Defendant contends that had it not been for the representations made by plaintiffs after the contract was executed that the total cost of the project under the plans and specifications they would prepare would not exceed $200,000, defendant would have abandoned the project at that point and not only would not be involved in the claim now made by plaintiffs but would have saved $4,152.00 paid to plaintiffs; that its decision to continue with the project provided a new consideration for plaintiffs' subsequent agreement that the total cost of the project would not exceed $200,000.

Plaintiffs contend that the written contract specifically rules out guaranteed estimates of cost and provides that "[t]his Agreement may be amended only by written instrument signed by both Owner and Architect."

In *Childress v. Trading Post,* 247 N.C. 150, 100 S.E. 2d 391 (1957), our Supreme Court said:

" 'The provisions of a written contract may be modified or waived by a subsequent parol agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract are modified or waived. *Mfg. Co. v. Lefkowitz,* 204 N.C. 449, 168 S.E. 517; *Bixler v. Britton,* 192 N.C. 199, 134 S.E. 488. *This principle has been sustained even where the instrument provides for any modification of the contract to be in writing. Allen v. Bank,* 180 N.C. 608, 105 S.E. 401.' *Whitehurst v. FCX Fruit and Vegetable Service,* 224 N.C. 628, 32 S.E. 2d 34." (Emphasis added.)

We hold that defendant's contention discussed above, fully supported by allegations in the pleadings, raises a legitimate issue rendering judgment on the pleadings in favor of plaintiffs' error.

We do not say what other issues, if any, arise on the pleadings but leave that question for later determination by the appropriate tribunal.

For the reasons stated, the judgment appealed from is

Reversed.

CAMPBELL and VAUGHN, JJ., concur.