TRIANGLE AIR CONDITIONING, INC. v. THE CASWELL COUNTY BOARD
OF EDUCATION

No. 8117SC408

(Filed 1 June 1982)

1. **Contracts § 27— action for additional compensation—presentation of claim to architect**

   In an action to recover additional compensation for construction work on a school building because of increased expense from a substantial delay in construction which was the fault of other contractors, plaintiff's forecast of evidence was sufficient to show that it complied with a contract requirement that it present a claim for increased costs to the architect within twenty days of the occurrence of the event giving rise to the claim.

2. **Contracts § 18.1— action for additional compensation—waiver of change order requirement**

   In an action to recover additional compensation for construction work because of increased expense from a substantial delay in construction, the forecast of evidence was sufficient to permit the jury to find that defendant waived a contract requirement of a change order for plaintiff to receive additional compensation where it tended to show that plaintiff made two written requests for additional compensation to which defendant made no reply; the architect discussed the request for extra compensation with defendant and plaintiff's bonding company and was told by the bonding company that it would handle the request; the architect did not make any recommendations to defendant with regard to plaintiff's request for extra compensation because defendant did not request it but told plaintiff the bonding company would handle the request; and plaintiff completed the work after it received a letter from its bonding company because it "had no choice" but to do so or "suffer other damages beyond increased costs."

3. **Arbitration and Award § 1— agreement for arbitration—necessity for demand by one party**

   The provisions of a contract for heating and air conditioning work in an addition to a school did not require arbitration unless one of the parties demanded it.

4. **Contracts § 18.1— acceptance of contract price—no waiver of claim for additional compensation**

   Plaintiff did not waive its claim for additional compensation under a contract by accepting payment of the original contract price where the contract provided that acceptance of final payment would constitute a waiver of all claims except those previously made in writing and still unsettled, and all the evidence showed that plaintiff had previously made a claim in writing which was unsettled at the time it accepted payment of the original contract price.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 3 February 1981 in Superior Court, CASWELL County. Heard in the Court of Appeals 8 December 1981.

This action grew out of the construction of an addition to Pelham Elementary School in Caswell County. The plaintiff entered into a contract with the defendant under which it was to be paid $66,217.00 to furnish materials for and do the heating, air conditioning, and ventilation work on the project. There were three other prime contractors. The contract provided that construction would commence on 1 January 1976 and be completed by 1 October 1976. The parts of the contract pertinent to this action provide:

"2.2 ADMINISTRATION OF THE CONTRACT

2.2.1 The Architect will provide general Administration of the Construction Contract, including performance of the functions hereinafter described.

\*     \*     \*

2.2.7 Claims, disputes and other matters in question between the Contractor and the Owner relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be referred initially to the Architect for decision which he will render in writing within a reasonable time.

\*     \*     \*

2.2.10 Any claim, dispute or other matter that has been referred to the Architect, . . . shall be subject to arbitration upon the written demand of either party . . . .

\*     \*     \*

2.2.14 The Architect will prepare Change Orders in accordance with Article 12 . . . .

\*     \*     \*

7.10 ARBITRATION

7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract . . . shall be decided by arbitration in accordance with the Construction Industry

Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law . . . .

7.10.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within the time limits specified in Subparagraphs 2.2.10 and 2.2.11 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen . . . .

\* \* \*

9.7 SUBSTANTIAL COMPLETION AND FINAL PAYMENT

\* \* \*

9.7.6 The acceptance of final payment shall constitute a waiver of all claims by the Contractor except those previously made in writing and still unsettled.

\* \* \*

12.1 CHANGE ORDERS

12.1.1 The Owner, without invalidating the Contract, may order Changes in the Work within the general scope of the Contract consisting of additions, deletions or other revisions, the Contract Sum and the Contract Time being adjusted accordingly. All such Changes in the Work shall be authorized by Change Order, and shall be executed under the applicable conditions of the Contract Documents.

12.1.2 A Change Order is a written order to the Contractor signed by the Owner and the Architect, issued after the execution of the Contract, authorizing a Change in the Work or an adjustment in the Contract Sum or the Contract Time. Alternatively, the Change Order may be signed by the Architect alone, provided he has written authority from the Owner for such procedure and that a copy of such written authority is furnished to the Contractor upon request. A Change Order may also be signed by the Contractor if he

agrees to the adjustment in the Contract Sum or the Contract Time. The Contract Sum and the Contract Time may be changed only by Change Order.

\*    \*    \*

12.2 CLAIMS FOR ADDITIONAL COST

12.2.1 If the Contractor wishes to make a claim for an increase in the Contract Sum, he shall give the Architect written notice thereof within twenty days after the occurrence of the event giving rise to such claim. This notice shall be given by the Contractor before proceeding to execute the Work . . . . No such claim shall be valid unless so made. If the Owner and the Contractor cannot agree on the amount of the adjustment in the Contract Sum, it shall be determined by the Architect. Any change in the Contract Sum resulting from such claim shall be authorized by Change Order."

In the complaint filed in this action the plaintiff alleged that the parties had executed the contract; that the plaintiff had been delayed in completing the project through no fault of its own until 30 September 1977 at an increased cost of $12,000.00. Plaintiff prayed for $12,000.00 in damages. The defendant filed an answer in which it denied the material allegations of the complaint. As affirmative defenses, it pled that any damage to the plaintiff was caused by the delay of other contractors and not the defendant; that the defendant was not liable therefor; that no change order had been issued for the extension of time; that plaintiff had not given timely notice of its increased expenses due to the extension of the time for completing the contract; and that plaintiff had waived any claim for further compensation by accepting final payment.

At the hearing on the motion for summary judgment, the court had before it the pleadings, a deposition of the architect who supervised the project, an affidavit of the plaintiff's president, an affidavit by the plaintiff's accountant, and certain correspondence relative to the project. George McCallum Smart testified by deposition that he was the architect for the project, that the original contract time for completing the project was 273 days, but through the fault of contractors on the project other than the plaintiff, the project was completed in 733 days. He

testified he had received letters from the plaintiff requesting "financial assistance because of the delay." He identified letters which were written to him by the plaintiff. He testified further that he mentioned the request for additional compensation to the defendant and United States Fidelity and Guaranty Company, which was the surety on the plaintiff's performance bond. The bonding company replied to the architect that it did not "see any problems" with the plaintiff's request and that they would handle it. The architect did not make a recommendation to the defendant regarding the plaintiff's claim for extra compensation because the defendant did not ask for a recommendation. He testified he did not render a written decision on any claim for plaintiff nor has plaintiff demanded arbitration. Correspondence was introduced into evidence which showed that on 18 November 1976 the plaintiff's attorney wrote the defendant notifying it that the plaintiff had incurred additional costs on account of the delay but had not received a change order, that on 8 February 1977 he wrote the architect saying the plaintiff would proceed with work on the project upon satisfactory assurance the plaintiff would be paid for the increased costs. On 9 February 1977 the architect wrote to the plaintiff requesting a breakdown as to the additional costs. The United States Fidelity and Guaranty Company by letter dated 23 February 1977 demanded that the plaintiff complete the project. On 18 October 1977 the plaintiff wrote the architect in regard to the disbursement of funds. The plaintiff stated that the application for funds stated the job was 100% complete. The plaintiff said, however, that due to the long delay, the costs of materials and labor had increased and asked for help from the architect in getting additional compensation.

Bobby R. Weathers, president of plaintiff, stated in an affidavit that he had requested the plaintiff's attorney to give notice to the defendant of the increased costs and that he had not heard from defendant in this regard. He stated that the work was completed as a result of the letter from United States Fidelity and Guaranty Company because if it had done otherwise, the plaintiff would have suffered "other damages beyond increased costs." He stated that the costs increased in the amount of $12,000.00. He stated further the defendant entered into arbitration with the contractor who caused the delay without notifying the plaintiff or giving it a chance to recover its increased costs.

Robert R. Privette, a certified public accountant, made an affidavit as to the method of calculating the extra expense to the plaintiff.

The plaintiff appealed from the entry of summary judgment for the defendant.

*J. Michael Weeks for plaintiff appellant.*

*W. Osmond Smith for defendant appellee.*

WEBB, Judge.

[1] The forecast of evidence in this case is that the plaintiff and the defendant entered into a written contract under the terms of which the plaintiff was to furnish material and perform certain work on the improvements to a school building. There was a substantial delay in the construction of the building which was not the fault of the plaintiff. This delay caused increased expense to the plaintiff. The plaintiff requested additional compensation by letters to the defendant and the architect. The plaintiff at one point threatened to stop work unless it received a promise for an adjustment in the contract price. Subparagraph 12.1.2 of the contract provides for a change in the time for the completion of the contract by written change order. The defendant did not follow the provisions of subparagraph 12.1.2 but through the architect and the plaintiff's bonding company insisted that the plaintiff complete its part of the contract at a greatly increased time and increased expense. The defendant contends the plaintiff is not entitled to additional compensation because it did not follow the contract provisions in pursuing its claim for additional compensation. The defendant says specifically that the plaintiff did not abide by the requirement of subparagraph 12.2.1 of the contract by presenting a claim for increased costs to the architect within twenty days of the occurrence of the event giving rise to the claim and a written change order authorizing the payment of additional compensation was not issued as required by this subparagraph. Under the evidence as forecast we cannot say the plaintiff did not present a claim for increased costs within 20 days of the occurrence of the event giving rise to the claim. The defendant contends the notice should have been given within 20 days of 1 October 1976 which was the completion date specified in the contract. The first written notice was given 49 days later on

18 November 1976. The event which gave rise to the plaintiff's demand was the delay in the construction. It did not occur on a specific date. We hold that under the forecast of evidence in this case that the plaintiff complied with the notice requirement of subparagraph 12.2.1.

[2] Subparagraph 12.2.1 also requires that the plaintiff have a change order to get an increase in compensation. No change order was given. Parties to a contract may by their conduct waive the requirements of a contract. See *General Specialties Co. v. Teer Co.*, 41 N.C. App. 273, 254 S.E. 2d 658 (1979); *Grading Co. v. Construction Co.*, 27 N.C. App. 725, 221 S.E. 2d 512 (1975); and *Graham and Son, Inc. v. Board of Education*, 25 N.C. App. 163, 212 S.E. 2d 542 (1975). In this case the forecast of evidence is that the defendant did not issue a change order when the plaintiff was required to extend its performance under the contract for a very substantial period of time. Thus, the defendant did not follow the provisions of subparagraph 12.1.2 in requiring a change in the time for performing the contract. The plaintiff made two written requests for additional compensation to which the defendant made no reply. The architect testified that he discussed the request for extra compensation with the defendant and the plaintiff's bonding company and was told by the bonding company they would handle it. The architect testified further that he did not make any recommendation to the defendant in regard to the plaintiff's request for extra compensation because the defendant did not request it but he told the plaintiff the bonding company would handle it. The plaintiff's president testified that the plaintiff completed the work after it received the letter from United States Fidelity and Guaranty Company because "he had no choice" but to do so or "suffer other damages beyond increased costs." We hold that if the plaintiff offers this testimony without contradiction at trial, it will be entitled to a jury instruction that the defendant waived the requirement of a change order for the plaintiff to receive additional compensation.

[3] The defendant also contends the plaintiff cannot proceed in this action because under the contract they are bound to submit the claim to arbitration. Subparagraphs 2.2.10 and 7.10.1 and 7.10.2 of the contract deal with the arbitration of claims under the contract. Subparagraph 2.2.10 says there will be arbitration upon the demand of either party. Subparagraph 7.10.1 provides for the

procedure for arbitration and subparagraph 7.10.2 says the demand for arbitration must be made within the time limits specified in subparagraphs 2.2.10 and 2.2.11 and in all other cases within a reasonable time after the claim arose. We do not believe the contract requires arbitration unless one of the parties demands it. In this case neither party demanded arbitration. We hold the parties were not bound to arbitrate.

[4] The defendant contends further that by accepting payment of $66,217.00 which was the original contract price, the plaintiff waived all other claims. Subparagraph 9.7.6 provides the acceptance of final payment shall constitute a waiver of all claims except those previously made in writing and still unsettled. All the evidence shows the plaintiff had previously made a claim in writing which was unsettled at the time it accepted the final payment of the original contract price. The plaintiff did not waive its claim by accepting this payment.

For the reasons stated in this opinion, we reverse the summary judgment in favor of the defendant and remand the case for trial.

Reversed and remanded.

Judges VAUGHN and HILL concur.