RONALD J. WELLIKOFF AND SUZIE WELLIKOFF, PLAINTIFFS v. PROGRESS DEVELOP-MENT CORP., NORTH CAROLINA DREAM LAND, LLC, D/B/A COLDWELL BANKER-HORN REAL ESTATE, WALKE REALTY, INC., D/B/A COLDWELL BANKER-HORN REAL ESTATE, DONNY L. SCOTT, KAREN E. KELLY AND NANCY PETERSON, DEFENDANTS

No. COA10-1232

(Filed 5 April 2011)

**1. Appeal and Error— no notice of appeal — dismissed**

Plaintiffs' argument that the trial court erred by failing to make findings of fact supporting its order of dismissal in a breach of contract case was dismissed. Plaintiffs' notice of appeal did not provide notice from the trial court's order of dismissal.

**2. Contracts— breach of contract—conclusion of law—supported by the evidence**

The trial court did not err in a breach of contract case by failing to make sufficient findings of fact to support its challenged conclusion of law. The conclusion of law was sufficiently supported by the factual findings.

**3. Contracts— breach of contract—finding of fact—unlicensed contractor**

There was conflicting evidence in the record to support the trial court's finding of fact in a breach of contract case that the parties did not discuss whether defendant Scott was a licensed contractor. The case was remanded for more detailed factual findings.

**4. Contracts— breach of contract—conclusion of law—finding of fact—unlicensed contractor**

The trial court erred in its conclusion of law, which was actually a finding of fact, that there was no evidence that plaintiff would not have contracted with defendants had he known that they did not have a general contractor's license. The evidence was conflicting and the matter was remanded for more detailed findings.

Appeal by plaintiff from judgment entered 26 February 2010 by Judge Dennis J. Winner in Henderson County Superior Court. Heard in the Court of Appeals 21 February 2011.

*Karolyi-Reynolds, PLLC, by James O. Reynolds, for plaintiff appellant.*

*Fisher Stark, P.A., by W. Perry Fisher, II, and Jean P. Kim for Progress Development Corp. and Donny L. Scott defendant appellees.*

*Delbert Lee Walke, Jr., pro se, Walke Realty, Inc., defendant appellee.*

McCULLOUGH, Judge.

Plaintiff appeals an order and judgment of the trial court that dismissed his claims against defendants. We dismiss in part, affirm in part, and remand in part.

## I. Background

On 5 November 2008, plaintiffs Ronald J. Wellikoff ("plaintiff") and his wife, Suzie Wellikoff brought this action against defendants.[1] Defendant Progress Development Corp. ("PDC") previously performed grading services for plaintiff. Defendants Donny L. Scott

---

1. In its judgment, the trial court concluded that Suzie Wellikoff had no involvement in this transaction. Accordingly, all references to plaintiff refer only to Ronald J. Wellikoff.

("Scott") and Karen E. Kelly ("Kelly") were alleged to be agents of PDC. Defendant Nancy Peterson ("Peterson") is a licensed real estate broker that had previously contracted with plaintiff through defendant Walke Realty, Inc. ("Walke Realty") and later through defendant North Carolina Dream Land, LLC, d/b/a Coldwell Banker-Horn Real Estate ("Coldwell Banker").[2]

In his complaint, plaintiff claimed damages against PDC, Scott, and Kelly for breach of contract, unfair and deceptive trade practices, and performing grading services for a value in excess of thirty-thousand dollars ($30,000.00) without a general contractor's license, in violation of N.C. Gen. Stat. § 87-1. Plaintiff alleged breach of fiduciary duty against Peterson and Walke Realty, and Coldwell Banker.

Trial was held without a jury on 10 February 2010. At trial, the evidence tended to show the following: on 22 September 2006, plaintiff entered into an Exclusive Right to Sell Listing Agreement with Peterson through Walke Realty to sell real property that he owned in Lake Lure, North Carolina (the "property"). That agreement was terminated and on 7 December 2006, plaintiff entered into a subsequent Exclusive Right to Sell Listing Agreement with Peterson through Coldwell Banker.

Peterson suggested that plaintiff put a driveway on the property in order to enhance its sales potential and recommended Scott to perform the work involved. On 18 September 2006, Scott, on behalf of PDC, and plaintiff executed a contract for PDC to build and apply gravel to a driveway on plaintiff's property for the price of forty-four thousand eight hundred dollars ($44,800.00). The contract provided in relevant part:

> Any alteration or deviation from the above specifications, including but not limited to any such alterations of deviation involving additional material and/or labor costs, will be executed only upon written order for same, signed by Owner and Contractor . . . .

> \* \* \* \*

> 3. To the extent required by law all work shall be performed by individuals duly licensed and authorized by law to perform said work.

> \* \* \* \*

2. Plaintiff voluntarily dismissed the claims against Coldwell Banker.

**WELLIKOFF v. PROGRESS DEV. CORP.**

[210 N.C. App. 740 (2011)]

6. All change orders shall be in writing and signed both by Owner and Contractor, and shall be incorporated in, and become part of the contract.

\* \* \* \*

13. In the event the Contractor unearths rock outcroppings, underground streams, or any unseen obstacle, the owner will pay all cost associated with the removal of the obstacle and extra work caused by these obstacles.

14. The driveway shall not exceed 17% grade change from the road to the house pad.

Plaintiff testified that he hired Scott to construct the driveway on his property because Peterson and Scott had both represented that Scott was licensed and insured. Scott stated that prior to executing the contract with plaintiff, he informed plaintiff that he did not have his general contractor's license in North Carolina and Peterson testified that she witnessed Scott make that disclosure.

After Scott started working on plaintiff's property, he encountered significant rock outcroppings on the original route of the driveway. When Scott told plaintiff about the rock outcroppings, he gave plaintiff the option of constructing an alternative steeper route for the driveway so that plaintiff could avoid the additional expense and plaintiff agreed. Plaintiff claimed that there were never any discussions about the rock outcroppings or changing the contract.

When plaintiff had Peterson inspect the driveway, Peterson told him that the driveway was "an easy drive[.]" The grade of the driveway constructed on plaintiff's property exceeds a 17% grade for all but the first 20 feet and has a grade as high as 29.06% in one section. Plaintiff claims that he cannot drive up the driveway because it is too steep.

At the close of plaintiff's evidence, the trial court dismissed plaintiff's claims against Kelly, Peterson, and Walke, pursuant to N.C. R. Civ. P. 41. The trial court entered judgment on 26 February 2010 and dismissed plaintiff's claims against the remaining defendants. The trial court made the following relevant findings of fact:

1. On September 18, 2006, [plaintiff] and [PDC] entered into the contract attached to the Complaint.

2. At the time of the contract entry and at all relevant times thereafter, neither [PDC] nor its owner, [Scott], were licensed

as general contractors in North Carolina. Scott failed to inform [plaintiff] of that fact during the contract negotiation but, did not assert to [plaintiff] that he or [PDC] were licensed.

3. Within a reasonable period of time after execution of the contract . . . [PDC] ran into a substantial rock formations [sic] . . . . [Scott] showed [plaintiff] the rock outcroppings and proposed to him a different route for the driveway so the rock would not have to be blasted . . . . [Plaintiff] agreed to the change proposed by [Scott]. Although nothing was discussed with respect to any change in the 17% maximum grade, [plaintiff] was shown the route of the proposed driveway which, in fact, included grades in excess of 17%.

From its factual findings, the trial court made the following conclusions of law:

1. [Scott] was the disclosed agent of [PDC] and therefore as to any breach of contract by [PDC], Scott would not be liable. However, if the failure to disclose that neither he nor [PDC] were licensed general contractors is a violation of N.C.G.S. § 75 he would be liable for said violation.

2. The agreement of [plaintiff] to the change route in the drive way is a novation of the original contract and since he agreed to said route and the route contained greater than 17% elevation gain at some points, he cannot complain that the drive way as constructed exceeded that grade as provided by the original contract and it is not a breach of the novated contract.

3. The failure of Scott to tell [plaintiff] that he was an unlicensed general contractor is a violation of § 75, however, there is no evidence that [plaintiff] would not have contracted with [PDC] [PDC] had he known that they did not have a general contractor's license. Therefore, there is no credible evidence that [plaintiff] was damaged by the failed disclosure.

Plaintiff filed notice of appeal on 17 March 2010.

### I. Order of Dismissal

[1] Plaintiff contends that the trial court erred by failing to make findings of fact supporting its order of dismissal in favor of Walke Realty and Peterson. We dismiss this assignment of error, as it was not properly preserved for appeal.

Proper notice of appeal requires that a party "shall designate the judgment or order from which appeal is taken[.]" N.C. R. App. P. 3(d) (2011). ' "Without proper notice of appeal, this Court acquires no jurisdiction.' " *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (citation omitted). Plaintiff's notice of appeal only referenced appealing the judgment entered on 26 February 2010, and did not provide notice to appeal the trial court's order of dismissal against Walke Realty and Peterson. We dismiss this assignment of error, as the order of dismissal is not properly before this Court for review.

## II. Judgment

Plaintiff assigns error to some of the factual findings and conclusions of law made by the trial court in its judgment. We affirm in part and remand in part.

"It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). If the factual findings are supported by competent evidence, such findings are conclusive on appeal, even if there is evidence to the contrary. *Lagies v. Myers*, 142 N.C. App. 239, 246, 542 S.E.2d 336, 341, *disc. review denied*, 353 N.C. 526, 549 S.E.2d 218, 218-19 (2001). We review the trial court's conclusions of law *de novo*. *Shear*, 107 N.C. App. at 160, 418 S.E.2d at 845.

### A. Conclusion of Law 2

[2] Plaintiff argues that the trial court erred by failing to make sufficient findings of fact to support its conclusion that "since [plaintiff] agreed to said route and the route contained greater than 17% elevation gain . . . [plaintiff] cannot complain that the driveway as constructed exceeded that grade as provided by the original contract and it is not a breach of the novated contract." We disagree.

This conclusion of law is supported by the factual finding that after PDC and Scott ran into substantial rock formations, plaintiff and Scott agreed on an alternative steeper route for the driveway. Although the trial court found that the parties did not specifically discuss the grade of the new driveway, there is competent evidence to support its conclusion that the contractual provision regarding the

grade of the driveway was no longer applicable, because the parties had entered into a new agreement.

Plaintiff also contends that the trial court's conclusion that there was a novation of the contract was erroneous, because the contract specifically provides that it can only be modified by writing. However, this Court has held that:

> "provisions of a written contract may be modified or waived by a subsequent parol agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract are modified or waived. This principle has been sustained even where the instrument provides for any modification of the contract to be in writing."

*Inland Constr. Co. v. Cameron Park II, Ltd., LLC*, 181 N.C. App. 573, 577, 640 S.E.2d 415, 418 (2007) (quoting *Graham and Son, Inc. v. Board of Education*, 25 N.C. App. 163, 167, 212 S.E.2d 542, 544-45, *cert. denied*, 287 N.C. 465, 215 S.E.2d 623 (1975)). We affirm the conclusion of law, as it is sufficiently supported by the factual findings.

### B. Factual Finding 2

**[3]** Plaintiff contends that the trial court erred in finding that during the contract negotiations, Scott failed to tell plaintiff he was not licensed, but did not represent to plaintiff that he was licensed. It was uncontested that Scott and PDC did not have a general contractor's license. Plaintiff's testimony, as well as the provisions of the contract, provided evidence that Scott told plaintiff he had a general contractor's license. However, Scott and Peterson's testimony that Scott specifically told plaintiff that he was not licensed contradicts that evidence.

Nevertheless, there is no evidence in the record that supports the factual finding that the parties did not discuss whether Scott was licensed. While it is possible that the trial court decided to discredit the testimony of all of the parties, it is unclear why the trial made this finding. We remand to the trial court for more detailed factual findings.

### C. Conclusion of Law 3

**[4]** Plaintiff also contends that the trial court erred in its conclusion that "there is *no evidence* that [plaintiff] would not have contracted with [PDC] had he known that they did not have a general contractor's license." (Emphasis added.) Plaintiff argues that the above conclusion of law is really a factual finding that is unsupported by the evidence.

**IN RE K.L.D.**

[210 N.C. App. 747 (2011)]

At trial, plaintiff provided evidence that he choose Scott to construct the driveway because he thought that Scott was a licensed general contractor. Plaintiff testified that he hired Scott because "[Peterson] recommended that I go with him because he was the most reliable. He was licensed. He was insured." Plaintiff admits that this finding could be supported if the trial court had determined that there was "no *credible* evidence" that plaintiff would not have contracted with PDC and Scott if he had known that they were not licensed. However, because plaintiff did provide evidence that he would not have contracted with PDC and Scott if he had known that they did not have a general contractor's license, the trial court's finding that there was "no evidence" of such cannot stand. We remand to the trial court for adequate factual findings.

Dismissed in part, affirmed in part, remanded in part.

Chief Judge MARTIN and Judge McGEE concur.